**STATE of Iowa, Appellee,**

v.

**Carl Eugene RUPE, Jr., Appellant.**

**No. 94–1164.**

Supreme Court of Iowa.

July 19, 1995.

Considered by McGIVERIN, C.J., and LAVORATO, NEUMAN, ANDREASEN, and TERNUS, JJ.

NEUMAN, Justice.

Defendant Carl E. Rupe, Jr. appeals his conviction for two counts of sexual abuse under Iowa Code sections 709.1 and 709.3 (1993). Rupe claims the district court erred in permitting a child witness to testify by closed-circuit television without an appropriate finding pursuant to Iowa Code section 910A.14. He also urges reversal on the ground his lawyer's failure to object to evidence allegedly violating Iowa Rules of Evidence 404(a) and (b) amounted to ineffective assistance of counsel. We affirm.

## I. *Background Facts and Proceedings.*

The State filed a two-count trial information charging Rupe with second-degree sexual abuse against his girlfriend's daughters, B.S.F. and A.F.[1] Prior to trial, the State filed a motion to secure the testimony of A.F., and her brother B.F., by closed-circuit television in accordance with Iowa Code section 910A.14.[2] The State claimed that the emotional trauma of testifying in the defendant's presence would impair the children's ability to effectively communicate. After a hearing on the motion at which experts testified about each child's maturity and emotional development, the court partially granted the State's request. It found that A.F. could testify in Rupe's presence because any trauma she might suffer would not be of sufficient magnitude to render her unable to communicate effectively. However, the trial court found B.F. immature, overly anxious, and extremely fearful of the defendant. The court concluded that more than the expected trauma would be visited upon him if customary confrontational methods of examination were used, the result being that he would be

Linda Del Gallo, State Appellate Defender, and Kevin Cmelik, Asst. State Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Robert P. Ewald, Asst. Atty. Gen., and Mary E. Richards, County Atty., for appellee.

1. At the time of trial, B.S.F. was sixteen years old, A.F. was twelve years old, and their brother, B.F., was thirteen years old.

2. In relevant part, § 910A.14 reads:
   Upon its own motion or upon motion of any party, a court may protect a minor, as defined in section 599.1, from trauma caused by testifying in the physical presence of the defendant where it would impair the minor's ability to communicate, by ordering that the testimony of the minor be taken in a room other than the courtroom and be televised by closed-circuit equipment for viewing in the courtroom. However, such an order shall be entered only upon a specific finding by the court that such measures are necessary to protect the child from trauma.

unlikely to tell the truth in the courtroom with the defendant present. Thus the court permitted B.F. to testify out of Rupe's presence.

On appeal, Rupe argues the trial court erred by improperly basing its order on B.F.'s inability to communicate "truthfully." He claims section 910A.14 does not authorize the court to sequester a minor simply because his or her veracity may be impaired. As long as the witness is able to communicate, Rupe argues, the truthfulness of the testimony is a matter for the jury to determine, and is irrelevant to a section 910A.14 decision. Rupe also claims that, by allowing B.F. to testify outside his presence, the court violated his Sixth Amendment right to confront witnesses. Finally, Rupe asserts his defense counsel performed ineffectively by failing to object to allegedly irrelevant and prejudicial prior acts evidence introduced by the State.

## II. *Standard of Review.*

When determining whether the trial court erred in granting protection under section 910A.14, we review for errors at law. *Hulse v. Wifvat,* 306 N.W.2d 707, 709 (Iowa 1981). To the extent Rupe's appeal raises constitutional issues, we review de novo the totality of the circumstances. *Nichol v. State,* 309 N.W.2d 468, 470 (Iowa 1981).

## III. *Issues on Appeal.*

A. Iowa Code section 910A.14 permits a court to protect a child from "trauma caused by testifying in the physical presence of the defendant where it would impair the minor's ability to communicate." A child psychologist who evaluated B.F. stated that testifying in the defendant's presence would be so traumatic for B.F. that he could not be "counted on to give actually truthful testimony." The expert also expressed concern that B.F. "might become emotionally overwhelmed and simply be unable to testify ... at all." Other experts echoed this concern, attesting to B.F.'s fear of the defendant, his difficulty in dealing with anxiety, and the likelihood that he would be unable to answer relevant questions in Rupe's presence. Although taken together this evidence reveals

that B.F. would be unable to communicate *at all* in Rupe's presence, the district court rested its ruling primarily on B.F.'s inability to communicate truthfully in an anxiety-producing setting.

The defendant maintains that the district court placed too much emphasis on B.F.'s truth-telling capabilities, a matter defendant maintains is irrelevant to the inquiry under section 910A.14. We disagree. Had the district court ignored this feature of B.F.'s response to trauma, it would have effectively undermined one of the fundamental goals of every trial—the truthful assertion of reliable evidence.

Moreover, we do not believe that Rupe's constitutional rights were in any way violated by the trial court's ruling. Our belief is fortified by the United States Supreme Court's decision in *Maryland v. Craig,* 497 U.S. 836, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990). In *Craig,* the Court recognized that a state's interest in "protecting child witnesses from the trauma of testifying" in the presence of a defendant, is sufficient to abrogate the defendant's right to confront witnesses face-to-face. *Id.* at 853, 110 S.Ct. at 3167, 111 L.Ed.2d at 683. The Court noted that the Maryland statute, while insuring the child's protection, also preserved the important elements of the defendant's confrontation right: testimony under oath, cross-examination, and the jury's observation of the witness's demeanor. *Id.* at 851, 110 S.Ct. at 3166, 111 L.Ed.2d at 682. Therefore, the Court held, where the State makes an adequate showing, its interest in protecting child witnesses from trauma may justify testimony outside the defendant's presence. *Id.* at 855, 110 S.Ct. at 3168, 111 L.Ed.2d at 685.

Like the statute at issue in *Craig,* we believe section 910A.14 preserves the defendant's basic right of confrontation while protecting minor victims from the trauma which often results from testifying in a defendant's physical presence. If this trauma impairs or handicaps a child's ability to communicate, protective measures must be adopted. Here the experts testified that B.F.'s trauma would be manifested, in part, by his inability to tell the truth in Rupe's presence. This

trauma was well documented in the record. Consistent with *Craig*, such proof is sufficient to warrant a protective order. No error warranting reversal appears.

■ B. At trial, B.S.F., A.F., and B.F. all testified about Rupe's nasty and often violent conduct toward them, particularly when it came to discipline. Rupe claims this evidence was highly prejudicial and in no way probative of the sexual abuse charges, thus violating Iowa Rules of Evidence 404(a) and (b).[3] None of the testimony in question was objected to by Rupe's counsel, however. This failure on the part of counsel, Rupe alleges, entitles him to a new trial.

The State maintains the defense may have had strategic reasons for permitting this testimony to be admitted without objection. It suggests that the proof was so outrageous that the possibility existed for the children's overall credibility to be questioned by the jury. The record on direct appeal is not adequate to resolve the issue. Thus, we preserve the defendant's claim for postconviction proceedings. *See State v. Epps*, 322 N.W.2d 288, 292 (Iowa 1982).

**AFFIRMED.**

---

**3.** Rules 404(a) and (b) provide, in relevant part:
  a. Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion. . . .
  b. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.