STATE of Iowa, Appellee,

v.

Michael James SHEARON, Appellant.

No. 01–1613.

Supreme Court of Iowa.

April 2, 2003.

Linda Del Gallo, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Mary E. Tabor, Assistant Attorney General, and Barbara A. Edmondson, County Attorney, for appellee.

NEUMAN, Justice.

This is an appeal by defendant, Michael Shearon, from his conviction for lascivious acts with a child. He urges three grounds for reversal: (1) his trial counsel was ineffective in failing to object to the district court's failure to follow statutory procedures required for the use of closed-circuit testimony for a child witness; (2) the district court erroneously refused to instruct the jury on the lesser included offense of indecent contact with a child; and (3) the court imposed an illegal sentence when it ordered Shearon to undergo DNA profiling. Finding no merit in any of these contentions, we affirm.

A jury could have found the following facts. While babysitting for friends, Shearon (then nineteen years old) exposed himself to six-year-old K.D.J. and then asked her to touch his penis. The girl at first refused but was ultimately persuaded by Shearon to do so. She testified that Shearon made her promise not to tell anyone. A few months later, K.D.J. told her mother about the incident. Shearon admitted the incident when questioned by police but denied it at trial.

Further facts and procedural details will be explained as they pertain to the issues on appeal.

## I. Compliance with Iowa Code section 915.38.

■ Prior to trial the State sought an order, pursuant to Iowa Code section 915.38 (1999), permitting K.D.J. to testify at trial via closed-circuit television. The State alleged that requiring the minor to testify in the presence of the defendant would unduly traumatize her as well as impair her ability to communicate. Over Shearon's vigorous objection, the court granted the State's application.

On appeal, Shearon contends the court did not follow the strict requirements of section 915.38. The statute contains two requirements at issue here:

The judge shall inform the minor that the defendant will not be present in the room in which the minor will be testifying but that the defendant will be viewing the minor's testimony through closed-circuit television.

During the minor's testimony the defendant shall remain in the courtroom and shall be allowed to communicate with the defendant's counsel in the room where the minor is testifying by an appropriate electronic method.

Iowa Code § 915.38. The record reveals a brief colloquy between the court and K.D.J. concerning the importance of telling the truth but fails to disclose whether K.D.J. was informed that the defendant would be viewing her testimony. It also appears from the record that Shearon had no electronic means by which to communicate with his counsel while K.D.J. testified.

Defendant contends the court's failure to comply with these statutory provisions implicates his constitutionally protected right to confront his accuser. *See* U.S. Const. amend. VI; Iowa Const. art. I, § 10. This argument was not made, however, by defendant's trial counsel. Shearon raises it on appeal in the context of ineffective assistance of counsel, an exception to the general rule of error preservation. *See Earnest v. State*, 508 N.W.2d 630, 632 (Iowa 1993). Although such claims are often reserved for post-conviction proceedings, *see State v. Bass*, 385 N.W.2d 243, 245 (Iowa 1986), we are convinced the record before us is sufficient to resolve the claim here.

■ To prevail on his claim, Shearon must establish that (1) counsel failed to perform an essential duty and (2) prejudice resulted from that failure. *State v.*

*Risdal,* 404 N.W.2d 130, 131–32 (Iowa 1987). The burden rests on the defendant to prove both prongs of the two-part test by a preponderance of the evidence. *Id.* at 132. We review such constitutional claims de novo. *State v. Kasel,* 488 N.W.2d 706, 709 (Iowa 1992). The ultimate question is whether the record establishes a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 692–93 (1984).

We are convinced that Shearon cannot meet the *Strickland* standard here. Even assuming counsel erred in failing to object to the court's omissions, Shearon is unable to show any prejudice resulting from the error.

██ Three main rights may be claimed by Shearon under the Confrontation Clause: (1) testimony under oath, (2) cross-examination by his counsel, and (3) the right to have the jury observe the witness's demeanor. *State v. Rupe,* 534 N.W.2d 442, 444 (Iowa 1995); *accord Maryland v. Craig,* 497 U.S. 836, 845–46, 110 S.Ct. 3157, 3163, 111 L.Ed.2d 666, 678 (1990). None of these rights was infringed here. The judge's colloquy with K.D.J. established that she understood the importance of telling the truth and promised to do so. Shearon, through his counsel, vigorously cross-examined her. There can be no dispute that the jury had a full opportunity to observe K.D.J.'s demeanor because the jury viewed her testimony, live, over closed-circuit television.

To the extent section 915.38 elaborates on these confrontation rights, we are not convinced the court's failure to strictly adhere to its provisions results in error of constitutional magnitude. It is true that, contrary to statute, Shearon's placement in the courtroom did not permit him immedi-

ate access to counsel by electronic means. But the record plainly reveals the granting of a brief recess to enable Shearon and his lawyer to communicate before cross-examination was concluded. As for the court's failure to advise K.D.J. that Shearon would be observing her testimony, Shearon's argument is equally unavailing. Even assuming error could be premised on this ground, Shearon makes no attempt to show how he was prejudiced by it. To the contrary, the testimony of K.D.J.'s therapist reveals that the child was well aware, and in fact concerned, that Shearon would be watching her accuse him.

Because Shearon has not established that the outcome of the trial was in any way affected by the court's failure to strictly adhere to section 915.38, he cannot prevail on his claim that counsel erred in failing to bring these matters to the court's attention. No ground for reversal appears.

## II. Jury Instructions/Lesser Included Offense.

Shearon was charged with the offense of lascivious acts with a child, in violation of Iowa Code sections 709.1 and 709.8. His counsel requested a jury instruction on the offense of indecent contact with a child, alleging it to be a lesser-included offense. The district court refused to give the requested instruction on indecent contact, a matter Shearon cites as error on appeal.

██ We review a charge of instructional error for correction of errors at law. *State v. Breitbach,* 488 N.W.2d 444, 449 (Iowa 1992). It is the trial court's duty to instruct "not only as to the public offense charged but as to all lesser offenses of which the accused might be found guilty under the indictment and upon the evidence adduced." Iowa R.Crim. P. 2.6(3). We are committed to the "impossibility

test" when it comes to determining whether one offense is a lesser included of another. *See State v. Jeffries,* 430 N.W.2d 728, 740 (Iowa 1988). The test is satisfied when "the greater offense cannot be committed without also committing all elements of the lesser offense." *State v. Coffin,* 504 N.W.2d 893, 894 (Iowa 1993); *State v. Turecek,* 456 N.W.2d 219, 223 (Iowa 1990).

Based on the trial information, the court gave the following marshalling instruction for the crime of Lascivious Acts with a Child:

[T]he State must prove all of the following elements:

1. On or about the 15th day of November, 2000, the defendant with or without [K.D.J.'s] consent permitted or caused [K.D.J.] to fondle or touch the defendant's genitals.
2. The defendant did so with the specific intent to arouse or satisfy the sexual desires of the defendant or [K.D.J.].
3. The defendant was then 18 years of age or older.
4. [K.D.J.] was then under the age of 14 years.

A jury instruction for Indecent Contact with a Child fitting charges similar to this case would include the following elements:

1. On or about the 15th day of November, 2000, the defendant with or without [K.D.J.]'s consent:
 a. Fondled or touched the inner thigh, groin, buttock, anus or breast of [K.D.J.]; or
 b. Touched the clothing covering the immediate area of the inner thigh, groin, buttock, anus or breast of [K.D.J.]; or
 c. Solicited or permitted [K.D.J.] to fondle or touch the inner thigh, groin, buttock, anus or breast of the defendant; or
 d. Solicited [K.D.J.] to engage in acts described in sections 709.8(1), (2) or (4).
2. The defendant did so with the specific intent to arouse or satisfy the sexual desires of the defendant or [K.D.J.].
3. The defendant was then 18 years of age or older....
4. [K.D.J.] was then under the age of 14 years....

Iowa Criminal Jury Instr. 900.7; Iowa Code § 709.12.

Because elements two through four of each crime are identical, our analysis focuses on the first element of each crime. Shearon was charged under the lascivious acts alternative requiring proof that he "permitted or caused [the victim] to fondle or touch the defendant's genitals." By contrast, the crime of indecent acts criminalizes the touching or fondling of nongenital body parts, e.g., inner thigh, groin, buttock, anus or breast. *See* Iowa Code § 709.12. Alternatively, indecent contact is committed when a person *solicits* a child to engage in any act prohibited in section 709.8. *Id.*

■ The State argues "[i]t is entirely possible for a defendant to 'permit or cause' a child to fondle or touch his or her genitals without also 'soliciting' the child to do so." [1] Whereas a defendant might cause the lascivious act by placing a child's hand on his genitals or permit the child to crawl across his lap and thereby touch them, the word "solicit" connotes "asking

1. The fact that the evidence reveals Shearon actually did urge the victim to touch his penis is irrelevant to this analysis. *See Jeffries,* 430 N.W.2d at 738 (rejecting factual test for determining lesser included offense).

or urging" conduct. *State v. Willis,* 218 N.W.2d 921, 924 (Iowa 1974). Put another way, the crime of solicitation "is in the asking." *State v. Anderson,* 618 N.W.2d 369, 372 (Iowa 2000) (citation omitted). Thus, the State argues, once the defendant solicits the child under section 709.12(4), the crime is complete. Because no actual touching or fondling is necessary, the crime of indecent contact does not qualify as a lesser-included offense of lascivious acts.

 Shearon relies on *State v. Capper,* 539 N.W.2d 361 (Iowa 1995) as his sole basis for countering the State's argument. His reliance is misplaced. Our focus in *Capper* was on whether lascivious acts or indecent contact were lesser-included offenses of the principal crime charged there, second-degree sexual abuse. We held they were not. *Capper,* 539 N.W.2d at 367. Without comparing the elements, we then summarily observed in passing that "[h]owever, indecent contact with a child is a lesser included offense of lascivious acts with a child." *Id.* at 368. We now reconsider that dictum and hold to the contrary. Because it is possible to commit the crime of lascivious acts without also committing indecent contact with a child, the latter crime is not a lesser-included offense of the former. The district court was correct in so ruling.

### III. DNA Profiling.

 Shearon's third assigned error relates to the legality of his sentencing, a matter that may be raised for the first time on appeal. *State v. Austin,* 503 N.W.2d 604, 607 (Iowa 1993). Shearon contends the court erred when it required him to submit to DNA profiling pursuant to Iowa Code section 901.5(8A)(a). Our review is for the correction of errors at law. *State v. Cooley,* 587 N.W.2d 752, 754 (Iowa 1998).

It is true, as Shearon contends, that subparagraph (a) of section 901.5(8A) only requires the court to order DNA profiling upon a defendant's conviction of certain offenses listed in section 13.10 such as murder, kidnapping, burglary (first degree) and sex abuse. Lascivious acts, the crime for which Shearon was convicted, is not among the listed offenses triggering this provision. Nor is Shearon's crime among those the legislature authorized the attorney general, in consultation with the division of criminal investigation, to incorporate by rule. *See* Iowa Code § 13.10; Iowa Admin. Code r. 61–8.2(13) (1999).

However another subsection under section 901.5(8A) authorizes the sentence imposed on Shearon if—as in the case before us—the court finds DNA profiling factually appropriate. The statute states:

Notwithstanding section 13.10, the court may order the defendant to provide a physical specimen to be submitted for DNA profiling if appropriate. In determining the appropriateness of ordering DNA profiling, the court shall consider the deterrent effect of DNA profiling, the likelihood of repeated offenses by the defendant, and the seriousness of the offense.

Iowa Code § 901.5(8A)(b).

 Our review of the sentencing record reveals that the court's decision to impose DNA profiling rested on Shearon's juvenile record, including a troublesome tendency to use violence to get his way. This history, combined with the seriousness of Shearon's current offense, justified the court's determination that DNA profiling was an appropriate condition of Shearon's probation. The court merely referred to the wrong Code subsection at sentencing.

 A sentence is not illegal unless it is not authorized by statute. *Tindell v.*

*State,* 629 N.W.2d 357, 359 (Iowa 2001). Plainly Shearon's sentence was authorized by statute. No error warranting reversal, or even remand for resentencing, has been shown.

**AFFIRMED.**