# IN THE COURT OF APPEALS OF IOWA

No. 13-1130
Filed December 24, 2014

**JOSEPH BOOSE JR.,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.

_____

Appeal from the Iowa District Court for Bremer County, Gregg R. Rosenbladt, Judge.

Applicant appeals the district court decision denying his request for postconviction relief from his conviction for first-degree murder. **AFFIRMED.**

David A. Kuehner of Egger, Erb, Mulcahy & Kuehner, P.L.L.C., Charles City, for appellant.

Thomas J. Miller, Attorney General, Kyle Hanson, Assistant Attorney General, and Kasey Wadding, County Attorney, for appellee.

Considered by Danilson, C.J., Vogel, J., and Sackett, S.J.* Tabor, J., takes no part.

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**SACKETT, S.J.**

Applicant Joseph Boose appeals the district court decision denying his request for postconviction relief from his conviction for first-degree murder. Boose claims he received ineffective assistance because defense counsel did not object to the jury instructions on the defense of diminished responsibility. Boose also claims he received ineffective assistance because defense counsel did not object to the jury instruction on child endangerment. We affirm the decision of the district court denying the application for postconviction relief.

### I.      Background Facts & Proceedings

On December 22, 2003, Joseph Boose was charged with first-degree murder for the killing of a fifteen-month-old child, Emily, who was the daughter of his girlfriend. The trial information contained alternate theories: (1) the murder was committed willfully, deliberately, and with premeditation, in violation of Iowa Code section 707.2(1) (2001); (2) the murder was committed while committing child endangerment under section 726.6(1)(b), in violation of section 707.2(5); or (3) the murder was committed while committing assault under section 708.1 upon the child and the death occurred under circumstances manifesting an extreme indifference to human life, in violation of section 707.2(5).[1]

On April 4, 2001, Boose woke up his girlfriend and told her Emily was not breathing. The girlfriend saw the child was having a seizure and called 911.

---

[1] The trial information also alleged Boose had committed murder by killing the child while participating in the forcible felony of assault causing serious injury or willful injury. During the course of the trial, the prosecutor acknowledged this theory was no longer viable due to the Iowa Supreme Court's holding in *State v. Heemstra*, 721 N.W.2d 549, 558 (Iowa 2006), and the jury was not instructed on this alternative.

Boose attempted to perform CPR on the child, but it did not help. When law officers arrived, Boose was hiding in a closet. Emily was taken to the hospital where tests showed a marked decrease of oxygen to her brain, and she later died.

In December 2003, Boose was being released from jail on other charges when he refused to leave the jail, stating he had killed someone. He was taken to an interview room, where he gave a detailed confession to police officers and signed a written confession to the offense. He stated that in order to take out his frustrations, he would place his hand over Emily's mouth for about thirty seconds until she stopped breathing. He stated he had done this about thirty to forty different times. On the last occasion, Emily did not start breathing again on her own.

The jury trial was held starting on January 8, 2008. Boose presented a defense of diminished responsibility. He argued that although he suffocated the child, he did not have the specific intent to kill her. Dr. Thomas Gratzer testified Boose had been diagnosed with borderline personality disorder. He stated Boose's self-report that he did not intend to kill Emily was entirely consistent with the psychiatric evidence. The State's expert, Dr. Michael Taylor, testified Boose was fully capable of forming the specific intent to kill the child.

Defense counsel argued the defense of diminished responsibility should apply to all three theories presented by the State. The district court ruled the defense of diminished responsibility only went to the first theory because that was a specific intent crime. The court ruled the defense of diminished

responsibility did not apply to the other two theories because they were not specific intent crimes. The jury was instructed the defense of diminished responsibility only applied to the theory Boose had acted with premeditation to kill the child.

The jury found Boose guilty of murder in the first degree. The verdict form did not require the jury to specify under which theory Boose was found guilty. Boose filed a motion for new trial claiming the court should not have given instructions to the jury limiting the scope and applicability of the defense of diminished responsibility. The court denied the motion for new trial. Boose was sentenced to life in prison. His conviction was affirmed on appeal. *State v. Boose*, No. 08-0275, 2009 WL 1492556, at *1 (Iowa Ct. App. May 29, 2009).

On October 20, 2009, Boose filed an application for postconviction relief. He claimed he received ineffective assistance because defense counsel did not argue the defense of diminished responsibility should have applied to all of the State's alternate theories of the crime. The district court found:

> Based upon the evidence produced at hearing, and the standards set forth in the case law, this Court believes that Joseph Wade Boose, Jr., has failed to meet his burden of proof, by a preponderance of the evidence, that his trial counsel, . . . , provided ineffective assistance. The testimony shows that Attorneys [ ] were extremely familiar with the factual issues presented in the trial, were very familiar with the client's mental health status, very familiar with the evidence the State intended to present against Mr. Boose, and based upon the above, formulated a trial strategy aimed at avoiding a conviction for "First Degree Murder."
> . . . The record reflects that Attorney . . . and Attorney . . . provided effective legal assistance to Boose, both in terms of trial strategy, and preserving any potential errors for appeal. Trial strategy was well thought out by counsel, and any decisions in that regard had no adverse effect on the outcome of Mr. Boose's trial. Given the "overwhelming" nature of the factual evidence, and the

> corroboration of the Defendant's confession, counsel made the decision to try to create a reasonable doubt in the minds of the jurors regarding the Defendant's capacity to form specific intent. The nature and extent of the "diminished capacity" defense as applied to all of the State's theories was raised and addressed by counsel in the trial court proceedings and ruled upon by the Court.

The court denied Boose's application for postconviction relief. He now appeals.

## II.     Standard of Review

We review claims of ineffective assistance of counsel de novo. *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012). To establish a claim of ineffective assistance of counsel, an applicant must show (1) the attorney failed to perform an essential duty, and (2) prejudice resulted to the extent it denied the applicant a fair trial. *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). An applicant has the burden to show by a preponderance of the evidence counsel was ineffective. *See State v. McKettrick*, 480 N.W.2d 52, 55 (Iowa 1992).

## III.     Ineffective Assistance

**A.**     Boose claims he received ineffective assistance because defense counsel did not object to the jury instructions on the defense of diminished responsibility. He contends defense counsel should have argued the defense applied to the third alternative theory, as well as the first theory of the State's case. Boose points out the third theory requires a finding that he killed the child, "while committing assault under section 708.1 upon the child, and the death occur[ed] under circumstances manifesting extreme indifference to human life." *See* Iowa Code § 707.2(5). He asserts assault under section 708.1 requires a showing of specific intent, and therefore, the defense of diminished responsibility should have been applicable as a defense to this alternative.

We note that defense counsel requested that the defense of diminished responsibility be applied to all of the alternative theories presented by the State to show Boose committed the offense of first-degree murder. The district court ruled only the first alternative, that based on section 707.2(1), required a finding that Boose had a specific intent to kill the child. Boose's claim in his postconviction action is that if defense counsel had presented a more specific argument to the court during his criminal trial, the court would have ruled the defense of diminished responsibility applied to this assault alternative.

A petitioner has the burden to prove both prongs of the two-part test for ineffective assistance of counsel. *See State v. Shearon*, 660 N.W.2d 52, 55 (Iowa 2003). We may first consider the prejudice component of a claim of ineffective assistance. *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001). In order to show prejudice, a petitioner must show a reasonable probability that, but for counsel's conduct, the result of the proceeding would have been different. *Id.* at 143.

A petitioner cannot show he was prejudiced by counsel's performance if there is overwhelming evidence of the petitioner's guilt. *See State v. Parker*, 747 N.W.2d 196, 211 (Iowa 2008); *see also State v. Maxwell*, 743 N.W.2d 185, 197 (Iowa 2008) ("Given the overwhelming evidence supporting Maxwell's guilt and the negligible affect the aiding and abetting jury instruction would have had on the verdict, we conclude that there was no reasonable probability that, but for counsel's failure to object to the instruction, the result of the proceedings would have been different.").

We concur in the district court's determination there was overwhelming evidence of Boose's guilt in this case. His detailed written confession was corroborated by the medical evidence and other evidence presented in the case. We also agree with the court's statement, "Trial strategy was well thought out by counsel, and any decisions in that regard had no adverse effect on the outcome of Mr. Boose's trial." We conclude Boose has not established by a preponderance of the evidence that if defense counsel had raised a different argument, resulting in the district court instructing the jury that the State was required to show Boose had the specific intent to commit assault under the alternative that he committed assault upon the child, *see* Iowa Code § 707.2(5), the result of the jury trial would have been different. He has not shown he received ineffective assistance of counsel on this ground.

**B.** Boose claims he received ineffective assistance because defense counsel did not object to the jury instruction for the State's second alternative theory, which was that he had killed the child while committing child endangerment under section 726.6(1)(b). *See* Iowa Code § 707.2(5). The jury was instructed:

> [T]he State must prove all of the following elements of Child Endangerment:
> 1. On or about the 4th day of April, 2001, the Defendant was a person having custody or control of Emily . . . and
> 2. Emily . . . was under the age of 14 years and
> 3. The Defendant:
>     a. By an intentional act or series of intentional acts used unreasonable force or cruelty that resulted in bodily injury to Emily . . . or
>     b. Knowingly acted in a manner that created a substantial risk to Emily . . . physical health or safety.

Boose claims the jury instruction does not comport with the language of section 726.6(1)(b), which provides a person commits child endangerment when the person, "By an intentional act or series of intentional acts, uses unreasonable force, torture or cruelty that results in bodily injury, or that is intended to cause serious injury." Subpart (b) of paragraph 3 follows the statutory language of section 726.6(1)(a) but that provision is not mentioned in section 707.2(5).

As noted above, in this postconviction action Boose has the burden of proof to show he received ineffective assistance of counsel. *See Caldwell v. State*, 494 N.W.2d 213, 214 (Iowa 1992). Again, given the overwhelming evidence of Boose's guilt, including his written confession and the lack of adequate support for his defense of diminished responsibility, Boose has not shown the jury would have reached a different result if a different jury instruction on child endangerment had been given. We determine he has not met his burden of proof to show he received ineffective assistance of counsel on this ground.

We affirm the decision of the district court denying his application for postconviction relief.

**AFFIRMED.**