# IN THE COURT OF APPEALS OF IOWA

No. 14-1184
Filed February 25, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**SHAMAR LAMONT FOY,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Webster County, Angela Doyle, District Associate Judge.

A defendant appeals from the sentence entered after his plea of guilty to the charge of assault with a dangerous weapon. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Theresa R. Wilson, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Heather R. Quick, Assistant Attorney General, Jennifer Benson, County Attorney, and Joseph Tofilon, Assistant County Attorney, for appellee.

Considered by Tabor, P.J., Mullins, J., and Goodhue, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**GOODHUE, S.J.**

Shamar Lamont Foy appeals from the sentence entered after his plea of guilty to the charge of assault with a dangerous weapon.

## I. Facts and Proceedings

Foy was in a Wal-Mart store with a girlfriend, Jennifer Savala, when he was approached by Savala's former boyfriend, Adam Gilson. Gilson had observed Savalo's car in the Wal-Mart parking lot and stopped to retrieve his property located in the trunk of the vehicle. Gilson made the request to retrieve the items, and Foy told Gilson to follow him to Foy's residence and he could retrieve the items there. Gilson wanted the items immediately and was not satisfied with Foy's suggestion. There was some argument about the personal property and about money Gilson owed Savala. Eventually Gilson reached into his pocket and pulled out a knife. At some point Foy lunged at Gilson, and Gilson fell down.

Foy exited the store, went to the parking lot where Savala's car was located, and took a seat in the passenger side of the vehicle. In the meantime, Gilson called a friend to block Savala's car from leaving the parking lot. Gilson's friend complied with the request. Gilson also left the store and went to Savala's car. The argument about the retrieval of the property continued. Foy announced that he had sex with Savala the night before and referred to her as "Gilson's bitch." Gilson responded by calling Foy a "nigger." Foy came out of the car, pulled out a knife, ran at Gilson, and stabbed him twice in the leg.

The State filed a trial information charging Foy with willful injury, a class "D" felony. Pursuant to a plea agreement, the charge was amended to assault

with a dangerous weapon, an aggravated misdemeanor, and Foy entered a plea of guilty. The plea agreement did not include an agreement regarding sentencing. The State requested a two-year sentence to run consecutively with a one-year jail sentence in the companion probation-violation case the court was considering along with the assault charge. Foy asked for a suspended sentence in the assault charge and a finding of contempt on the probation violation.

A sentencing hearing was held that included videos of the altercations in the store and the parking lot. Foy testified on his own behalf and admitted to having been convicted of forgery in 2009. He had been given a deferred judgment but violated his probation agreement and was sent to a residential correctional facility (RCF). He was subsequently convicted of absence from custody at the RCF and spent twenty-four months in prison. Foy was discharged in 2011 and in 2012 was convicted of criminal mischief. He was on probation for the latter charge at the time he committed the assault. He had failed to make scheduled meetings with his probation officer and a report of violation filed in that proceeding was the companion case under consideration at the time of the sentencing on the assault charge.

The court sentenced Foy to prison for an indeterminate term of two years, revoked his probation, and imposed a 365-day jail sentence in the Webster County jail to run concurrently with the sentence on the assault charge.

## II. Error Preservation

A claim of a sentencing error is not subject to the ordinary rules of error preservation and may be raised for the first time on appeal. *State v. Shearon*, 660 N.W.2d 52, 57 (Iowa 2003).

4

## III. Scope and Standard of Review

A sentence is reviewed for correction of errors of law. Iowa R. App. P. 6.907. A sentencing order is presumed appropriate and will be overturned only for an abuse of discretion or the consideration of inappropriate matters. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). An abuse of discretion exists only when the decision is based on grounds clearly untenable or unreasonable. *Id.*

## IV. Merits

Foy's primary complaints are that the initial confrontation was instigated by Gilson, the altercation was prolonged by Gilson, and the act for which he was charged was provoked by Gilson's inappropriate language. In sentencing, the trial court stated as follows:

> While I do not believe, Mr. Foy, this act was completely unprovoked, I studied in detail the videos as they were presented to me this morning, both within the store of Wal-Mart and outside. It was apparent to me that Mr. Gilson pulled something from his pocket within the confines of the store, and it has been argued to me this morning that that was some sort of a folding knife. That has not been disputed. So I see that it is not completely unprovoked. However, having said that, Mr. Foy, you were able to separate yourself from Mr. Gilson, leave the store. Name calling, unacceptable. No doubt about it. But that does not rise to the level of the response that you exhibited in this case . . . . You are in the car, you get up out of the car, Mr. Gilson is standing around the passenger side of the pick-up, and you run at him. You don't walk over there. It's a very aggressive, violent, in my view, charging at Mr. Gilson. Should he have been calling you names? Absolutely not. Should he have come up to you in Wal-Mart? Absolutely not. But in reviewing that video tape, your actions in charging him and stabbing him twice is just, to me, so clearly out of line given the circumstances of this case . . . . I'm not saying you're the only one who's culpable in this particular instance. I agree with your attorney, you're not the only person culpable here. It appears to me that there were at least some levels of provocation. But your response to the provocation is so out of line, is so out of proportion, in my view. And I have taken that into consideration as well.

I've also considered your criminal record. I reviewed that prior to coming into court today. So I've reviewed the fact that you were given a deferred that was taken away. You've been on supervised probation that didn't work. You were at the RCF, that didn't work. Eight months after you discharge your prison sentence, you committed the crime for with you are convicted in SRCR344208. So I've considered all those things.

In summary, the trial court considered the factors that Foy now asserts should justify this court in altering his sentence or remanding it for resentencing. In addition to the facts of the offense, the trial court also appropriately considered Foy's criminal history and the fact that the past efforts at rehabilitation had not been successful.

In sentencing, a court has little to determine how a particular individual will respond to rehabilitation opportunities except for the individual's past record. Foy's is not good. Punishment is intended to fit both the crime and the individual. *State v. August*, 589 N.W.2d 740, 744 (Iowa 1999). The court has an obligation to set out its reasons for a particular sentence. *State v. Jacob*, 607 N.W.2d 679, 690 (Iowa 2000). The court clearly set out its reasons, and they were consistent with the facts upon which the charge was based and Foy's history with the criminal justice system. It cannot be said that the trial court abused its discretion by denying Foy probation or imposing any other lesser penalty that might have been available.

**AFFIRMED.**