# IN THE COURT OF APPEALS OF IOWA

No. 14-1662
Filed March 25, 2015


**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**GERALD ELTON BUSCH,**
    Defendant-Appellant.
_____


Appeal from the Iowa District Court for Cerro Gordo County, Karen K. Salic (plea) and Annette L. Boehlje (sentencing), District Associate Judges.


A defendant appeals from the sentence of consecutive five-year terms after entry of a plea of guilty to two class "D" felonies. **AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**


Mark C. Smith, State Appellate Defender, and Joseph A. Fraioli, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Heather R. Quick, Assistant Attorney General, Carlyle Dalen, County Attorney, and Rachel Gibney, Assistant County Attorney, for appellee.


Considered by Vogel, P.J., McDonald, J., and Goodhue, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**GOODHUE, S.J.**

Gerald Elton Busch appeals from the sentence of consecutive five-year terms after entry of a plea of guilty to two class "D" felonies.

## I.    Background Facts and Proceedings

On April 11, 2014, Busch was sentenced after a conviction for failure to register as a sex offender. On May 7, 2014, Busch was charged with two counts of failure to comply with the sexual offender registry requirements as a second offender and as an habitual offender. On August 14, 2014, he was again charged with failure to comply with the sexual offender registry requirements, a second offense, and as an habitual offender. All charges stated above were related to Busch's failure to comply with the requirements of Iowa Code chapter 692A (2013).

Busch entered a written plea of guilty to one count on the May 7 charge and one count on the August 14 charge. The habitual offender enhancement on both counts, as well as the second count on the May 7 charge were dismissed pursuant to a plea agreement. In the written plea to both counts, Busch acknowledged that he understood the county attorney would be recommending five-year consecutive sentences on the two charges to which he had pled guilty. There was no agreement as to the payment of costs on the dismissed charge. The court sentenced Busch to two five-year terms to be served consecutively and to the payment of the costs, including the costs on the dismissed charge. Busch filed a motion for correction of an illegal sentence, which was denied.

Busch contends that the court abused its discretion in imposing the two five-year sentences to be served consecutively and entered an illegal sentence when it ordered him to pay the costs on the dismissed charge.

## II.     Error Preservation

A claim of a sentencing error is not subject to the ordinary rules of error preservation and may be raised for the first time on appeal.  *State v. Shearon*, 660 N.W.2d 52, 57 (Iowa 2003).

## III.     Standard of Review

A sentence is reviewed for corrections of errors at law.  Iowa R. App. P. 6.907.  A sentencing order is presumed appropriate and will be overturned only for an abuse of discretion or the consideration of inappropriate matters.  *State v. Formaro*, 638 N.W2d 720, 724 (Iowa 2002).  An abuse of discretion exists only when the decision is based on grounds clearly untenable or unreasonable.  *Id.*

## IV.     Merits

### A.     Assessment of Costs

In executing its orders of dismissal the court assessed all costs to Busch. Fees and costs are recoverable by the county unless the defendant is found not guilty or the action is dismissed.  Iowa Code § 815.13.  A court has no power to award costs against a defendant unless there is statutory authorization. *Woodbury Cnty. v. Anderson,* 164 N.W.2d 129, 133 (Iowa 1969).  A plea agreement can be an independent basis for the assessment of costs.  *See State v. Petrie*, 478 N.W.2d 620, 622 (Iowa 1991).  The State concedes that there is no statutory basis for assessment of the costs relative to the dismissed charge and there was no basis for such an assessment in the plea agreement.  The

appropriate remedy is to strike the invalid portion of the sentence and remand to the district court for the appropriate action. *State v. Mai*, 572 N.W.2d 168, 170 (Iowa Ct. App. 1997).

B. Consecutive Sentences

The district court, as well as this court, had before it Busch's quite lengthy criminal record. While most of the violations included crimes against property, crimes against persons, including those of a sexual nature, were included. The criminal record included probation and registration violations and reflected Busch's apparent inability to follow even elementary and clear statutory and probation rules. Busch contends the violations were technical in nature, and in a sense they were, but when a sexual offender is involved, the legislature has seen a need for the registry requirements. It is the duty of law enforcement and the judiciary to enforce those requirements. Busch downplays the requirements and offers excuses for his non-compliance, but his record of repeated and consistent non-compliance indicates that his failures were not simply serial oversights or the result of unusual circumstances. Punishment is intended to fit both the crime and the individual. *State v. August*, 589 N.W.2d 740, 744 (Iowa 1999). The trial court has complied with those objectives.

When the plea was entered, Busch knew consecutive sentences were going to be requested by the county attorney as a result of the plea agreement. The State's recommendation and the court's sentence could not have been a matter of surprise as they were a part of the plea agreement. A trial court has broad discretion in sentencing and has no obligation to grant a lenient or suspended sentence. *State v. Noonan*, 246 N.W.2d 236, 237 (Iowa 1976). In

granting the consecutive five-year sentences without probation, the district court acted within its discretionary right.

**V.      Conclusion**

This matter is affirmed as to the sentence to two consecutive five-year terms without probation, but that part of the dismissal order which assessed Busch costs on the dismissed charges is stricken and remanded to the district court for correction.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**