# IN THE COURT OF APPEALS OF IOWA

No. 15-0129
Filed February 24, 2016

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**HIPOLITO DUBON PANTALEON,**
     Defendant-Appellant.
_____

     Appeal from the Iowa District Court for Boone County, James A. McGlynn,

Judge.

     The defendant challenges his convictions for two counts of lascivious acts

with a child following a trial to the district court.  **AFFIRMED.**

     Mark C. Smith, State Appellate Defender, and Robert P. Ranschau,

Assistant Appellate Defender, for appellant.

     Thomas J. Miller, Attorney General, and Kevin Cmelik and Sheryl A.

Soich, Assistant Attorneys General, for appellee.

     Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**DOYLE, Judge.**

Following a trial to the district court, Hipolito Dubon Pantaleon (Dubon) was convicted of two counts of lascivious acts with a child, stemming from acts he committed in 2013 with a then eleven-year-old child.[1] On appeal, Dubon challenges the court's admission of the child's video-recorded interview with Child Protective Services (CPC) into evidence at trial, alleging the evidence was prejudicial hearsay. Additionally, he argues the court erred in granting the State's Iowa Code section 915.38 (2013) motion, allowing the child to testify at trial via closed-circuit television in violation of his right of confrontation. We affirm.

### I. Standard of Review.

We review hearsay rulings for correction of errors at law, including the determination of "whether statements come within an exception to the general prohibition on hearsay evidence." *State v. Paredes*, 775 N.W.2d 554, 560 (Iowa 2009). However, to the extent constitutional issues are raised, our review is de novo. *State v. Heuser*, 661 N.W.2d 157, 162 (Iowa 2003).

### II. Discussion.

**CPC Interview Video.** "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Iowa R. Civ. P. 5.801(c). If evidence is hearsay, it must be excluded "unless admitted as an exception or exclusion under the hearsay rule or some other provision." *State v. Harper*, 770 N.W.2d 316, 319 (Iowa 2009) (citation omitted). One such exception, known as the

---

[1] Dubon was acquitted of another charge concerning another child, not relevant to this appeal.

residual hearsay exception, permits the admission of hearsay evidence at trial even if the evidence is "not specifically covered by any of the exceptions in [Iowa Rules of Evidence] 5.803 or 5.804," if the court determines the hearsay evidence: has "equivalent circumstantial guarantees of trustworthiness," "is offered as evidence of a material fact," "is more probative on the point for which it is offered than any other evidence," will serve justice's best interests with its admission, and the adverse party is notified in advance. Iowa R. Evid. 5.807. This rule falls within the parameters of rule 5.803, which sets forth when hearsay evidence is admissible regardless of whether the declarant is available as a witness. *See* Iowa R. Evid. 5.803(24) (explaining that the residual-hearsay-exception rule was "[t]ransferred to rule 5.807"). The Iowa Supreme Court has summarized the residual hearsay exception as requiring a showing of "trustworthiness, materiality, necessity, service of the interests of justice, and notice." *State v. Rojas*, 524 N.W.2d 659, 662-63 (Iowa 1994) (discussing residual hearsay exception, then found at rule 5.803(24)).

Additionally, Iowa Code section 915.38(3) specifically permits the admission of a child's recorded statements "describing sexual contact performed with or on the child," even if the evidence is "not otherwise admissible in evidence by statute or court rule," when a party moves for the evidence's admission and "the court determines that the recorded statements substantially comport with the requirements for admission under rule of evidence 5.803(24) or 5.804(b)(5)." This evidence falls under the residual hearsay rule, and the recording may be admitted if the requirements of the exception are met. *See Rojas*, 524 N.W.2d at 663.

Dubon argues two of the five requirements were not shown to permit the admission of the child's recorded CPC interview under the residual hearsay exception, contending the evidence was unnecessary, since the child testified at trial, and the interests of justice were not served by its admission into evidence. We disagree.

Here, there was no physical evidence to support the child's reports, and Dubon testified the child was lying because her mother coached her to make the allegations. Consistency of the child's statements and the child's demeanor were key in assessing the child's credibility, making the video necessary. The court was able to review the video and compare the child's testimony and demeanor in each instance, as it was also able to compare Dubon's police interview with his contrary trial testimony. Additionally, Dubon was able to cross-examine both the child and the CPC interviewer at trial. We believe the other requirements for admitting the video were satisfied, and, consequently, the interests of justice were served here. *See id.* (holding "the appropriate showing of reliability and necessity were made, and admitting the [videotape] evidence advances the goal of truth-seeking"). Finally, even if the video evidence was unnecessary, the evidence was merely cumulative. "Erroneously admitted hearsay will not be considered prejudicial if substantially the same evidence is properly in the record." *State v. Newell*, 710 N.W.2d 6, 19 (Iowa 2006); *see also* Iowa R. Evid. 5.103(a) ("Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected."); *State v. Weaver*, 608 N.W.2d 797, 804 (Iowa 2000) (noting "the rules of evidence are less

stringent" where a case is tried to the court). We conclude the court did not err in admitting the child's CPC interview into evidence, and we affirm on the issue.

**Closed-Circuit Television Testimony.** The right to confront and cross-examine witnesses is protected by the federal and state constitutions. *See* U.S. Const. amend. VI; Iowa Const. art. 1, § 10. However, though there may be "a strong preference for face-to-face confrontation, the latter is not an absolute constitutional requirement." *State v. Rogerson*, 855 N.W.2d 495, 499 (Iowa 2014). In *Maryland v. Craig*, the United States Supreme Court

> determined that protecting child abuse victims from the psychological harm of testifying was a sufficiently important public policy concern to justify denying face-to-face confrontation. Then, . . . the Court held that Maryland's closed-circuit video system assured the reliability of remote testimony because the witness testified under oath; the defendant was still able to fully cross-examine the witness; and the judge, jury, and defendant could see the witness's demeanor and body language as he or she testified.

*Rogerson*, 855 N.W.2d at 499 (discussing *Craig*, 497 U.S. 836, 853, 857 (1990)) (internal citations omitted).

> Iowa Code section 915.38(1)(a) provides that the court may protect a child
>
> from trauma caused by testifying in the physical presence of the defendant where it would impair the minor's ability to communicate, by ordering that the testimony of the minor be taken in a room other than the courtroom and be televised by closed-circuit equipment for viewing in the courtroom. However, such an order shall be entered only upon a specific finding by the court that such measures are necessary to protect the minor from trauma.

Our supreme court has determined that, like the statute at issue in *Craig*, section 915.38 preserves a "defendant's basic right of confrontation while protecting minor victims from the trauma which often results from testifying in a defendant's physical presence. If this trauma impairs or handicaps a child's ability to

communicate, protective measures must be adopted." *State v. Rupe*, 534 N.W.2d 442, 444 (Iowa 1995) (discussing essentially the same section, then found at section 910A.14; *see* 1998 Iowa Acts ch. 1090, §§ 31, 82 (repealing section 910A.14 and adding section 915.38)).

Here, the child's therapist and her guardian ad litem both recommended the court grant the State's section 915.38(1) motion to allow the child to testify via closed-circuit television. The court found the child's therapist "possessed the necessary professional skills and the personal knowledge to a sufficient degree to render an opinion on the matter" and "approve[d] and adopt[ed] the testimony of [the child's therapist] regarding the risk to [the child]." On appeal, Dubon challenges the therapist's credibility, pointing out that she was only "temporarily" licensed in Iowa as a mental health and sexual abuse counselor and that the therapist also testified the child would be happy to see Dubon, "be[lying] her testimony that [the child] would be traumatized by appearing in court." Dubon seems to assert his right to confrontation overcomes the therapist's opinions of trauma to the child because of the alleged credibility issues. We disagree.

The district court clearly found the therapist to be credible and accepted her opinion concerning the trauma the child would suffer if required to testify in Dubon's presence. Even reviewing the record de novo, we find no reason to disturb the court's credibility finding. As the court pointed out in its ruling:

> [The therapist] is a temporary licensed mental health counselor and substance abuse counselor. She has been in the field for about six years providing counseling. She possesses a master's degree in clinical psychology and a master's degree in mental health counseling. She has passed the national counseling examination, and she has submitted her credentials to the Iowa Board of Behavioral Sciences for approval. At the present time she is board

certified, working towards full licensure. Full licensure will require that she submit more supervision hours by a licensed supervisor to the board. She currently has about 50 supervision hours and will need to submit 200 supervised hours all together and will also need to document that she has 1,000 direct client hours.

The therapist had been working with the child for some time and had seen the child approximately twenty to twenty-five times at the time of the hearing. The therapist opined the child would be traumatized by testifying in Dubon's presence and the trauma could negate any progress the child had made. That the child loves and would like to see Dubon does not mean testifying about the lascivious acts he committed upon her in his presence would not be traumatizing.

Here, a one-way video stream was used, where Dubon could see the child's testimony. The child was specifically told Dubon could see her via camera. Additionally, Dubon had access to his attorney by telephone. We find the child's therapist's credible, and we agree with the district court that granting the State's section 915.38(1) motion was appropriate to protect the child from trauma while balancing Dubon's basic right of confrontation.

### III. Conclusion.

For these reasons, we affirm Dubon's two convictions for lascivious acts with a child.

**AFFIRMED.**