# IN THE COURT OF APPEALS OF IOWA

No. 15-2090
Filed July 27, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CHRISTOPHER MICHAEL HAM,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Madison County, Randy V. Hefner,

Judge.


        Christopher Michael Ham appeals his conviction for possession of a

controlled substance with intent to deliver.  **AFFIRMED.**



        John C. Heinicke of Kragnes & Associates, P.C., Des Moines, for

appellant.

        Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney

General, for appellee.


        Considered by Vogel, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

Christopher Michael Ham appeals his conviction for possession of a controlled substance with intent to deliver, claiming his attorney was ineffective by not filing a motion in arrest of judgment to challenge the factual basis for the plea. He also claims the court abused its discretion by considering an improper sentencing factor. We affirm.

**I.      Background Facts and Proceedings**

On August 19, 2015, the State charged Ham with manufacture, delivery, or possession with intent to deliver marijuana while in the immediate possession or control of a firearm, in violation of Iowa Code section 124.401(1)(d) and (e) (2015), and failure to affix a drug tax stamp, in violation of sections 453B.1, 453B.3, and 453B.12. Pursuant to a plea agreement, Ham entered a guilty plea to an amended charge of possession of marijuana with intent to deliver, without the firearm enhancement. At the guilty plea hearing on October 26, the following colloquy took place between Ham, prosecutor Anderson, and the district court:

> MR. HAM: Well, your Honor, on October 12th I did possess—oh, August 12, months I got mixed up here, I had 280 grams of marijuana in possession at my house or my apartment and just going to distribute it for profit.
> THE COURT: That occurred in Madison County?
> MR. HAM: Correct, Your Honor.
> THE COURT: You knew the substance was marijuana?
> MR. HAM: Yes, Your Honor.
> THE COURT: Does that establish an adequate factual basis, Mr. Anderson?
> MR. ANDERSON: I think he needs to make a factual basis that he had a common scheme or plan with other people or another person.
> THE COURT: Okay.
> MR. ANDERSON: Unless we're just doing the possession with intent to deliver marijuana.

THE COURT: I think that's pretty clear from the factual basis, as I understand it, that it was in his actual possession.

MR. ANDERSON: Right.

THE COURT: Is that correct, Mr. Ham? You had possession of the marijuana?

MR. HAM: Yeah, it was in my possession.

The district court accepted Ham's guilty plea.

On November 9, the State recommended a previously agreed upon sentence: a term of imprisonment not to exceed five years.[1] Ham requested the district court consider suspending his sentence, stating:

Why I had handguns in my possession. I served this country, and I have the right to have handguns. I don't care. I have the right to own a handgun. I've served this country, I've been on multiple tours. I feel that's my right. I've earned that right.

The district court sentenced Ham to a term of imprisonment of no more than five years, reasoning:

In determining what an appropriate sentence is, the law requires that the court consider a number of factors . . . because no two people are alike, one size does not fit all when it comes time for sentencing.

The factors which the court is to consider include your age, your prior record, any prior deferred judgments, your employment circumstances, your family circumstances, and the nature of the offense. Because the goals of sentencing are, first of all, to protect the community from further offenses by you, and secondly, to impose a sentence which will provide you with the maximum opportunity to address whatever issues have led us to this point where we are sentencing you on a felony drug offense.

. . . .

The circumstances of the offense, though are very troublesome. Mr. Anderson reported, Mr. Russell does not disagree, that you had within days of being arrested on this offense entered into a plea of guilty to a stalking charge. There was a no contact order in effect. And, correct me if I'm wrong on this, but [as of] the date of this arrest, the defendant was illegally in possession of firearms, a firearm at the very least, is that correct?

---

[1] In exchange for his guilty plea, the State agreed to dismiss Count II (failure to affix a drug tax stamp) at sentencing.

MR. ANDERSON: He had been notified during the sentencing hearing on that Monday he was not to possess firearms. I do not know if he had received a copy of the judgment and sentence with that information.

THE COURT: But he was informed at the time of sentencing?

MR. ANDERSON: It was very clear to him. I believe Judge Relph made it very clear to him. He said he understood. That was, and the only reason I bring it up, because I remember it because we were very concerned with him having handguns with our victim in that case.

. . . .

THE COURT: Whether the defendant was illegally in possession of firearms, it is bothersome that he was running a drug operation—and I've read the minutes of testimony, and I'm relying upon the facts as recited in the minutes of testimony—while in possession of at least one firearm. That is a seriously aggravating circumstance.

## II.     Scope and Standards of Review

We review ineffective assistance of counsel claims de novo. *State v. Ortiz*, 789 N.W.2d 761, 764 (Iowa 2010).

Our review for challenges to sentences is for correction of errors at law. *State v. Shearon*, 660 N.W.2d 52, 57 (Iowa 2003). "[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). An abuse of discretion occurs when the court's sentencing decision was "exercised on grounds or for reasons that were clearly untenable or unreasonable." *State v. Bentley*, 757 N.W.2d 257, 262 (Iowa 2008).

### III.  Merits

### A. Ineffective Assistance

Ham claims his attorney was ineffective for not filing a motion in arrest of judgment challenging the lack of factual basis for his guilty plea.  "If an ineffective-assistance-of-counsel claim is raised on direct appeal from the criminal proceedings, we may decide the record is adequate to decide the claim or may choose to preserve the claim for postconviction proceedings."  *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006).  Upon our review of the record, we find the record adequate to address Ham's ineffective-assistance-of-counsel claims.  *See id.*  An ineffective-assistance-of-counsel claim requires Ham to demonstrate: (1) the trial counsel failed to perform an essential duty and (2) prejudice resulted from the counsel's error.  *See id.* (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)).

"Defense counsel violates an essential duty when counsel permits defendant to plead guilty and waive his right to file a motion in arrest of judgment when there is no factual basis to support defendant's guilty plea.  Prejudice is presumed under these circumstances."  *Ortiz*, 789 N.W.2d at 764.  A factual basis for a guilty plea may be found from: "(1) inquiry of the defendant, (2) inquiry of the prosecutor, (3) examination of the presentence report, and (4) minutes of evidence."  *State v. Johnson*, 234 N.W.2d 878, 879 (Iowa 1975).

Iowa Code section 124.401(1) provides:

> Except as authorized by this chapter, it is unlawful for any person to manufacture, deliver, or possess with the intent to manufacture or deliver, a controlled substance, a counterfeit substance, or a simulated controlled substance, or to act with, enter into a common scheme or design with, or conspire with one or

more persons to manufacture, deliver, or possess with the intent to manufacture or deliver a controlled substance, a counterfeit substance, or a simulated controlled substance.

Ham claims the statement he "had 280 grams of marijuana in possession at [his] house or [his] apartment and just going to distribute it for profit" does not mean he was going to distribute or attempt to distribute it from himself to others within the meaning of Iowa Code section 124.401(1).

Intent is seldom susceptible to proof by direct evidence. *State v. Sinclair*, 622 N.W.2d 772, 780 (Iowa Ct. App. 2000). Proving intent usually depends on circumstantial evidence and the inferences a fact-finder may draw from the evidence. *Id.* "[T]he facts and circumstances surrounding the act, as well as any reasonable inferences to be drawn from those facts and circumstances, may be relied upon to ascertain the defendant's intent." *State v. Schminkey*, 597 N.W.2d 785, 789 (Iowa 1999).

Upon review, we find a factual basis for Ham's guilty plea. It is evident from both the evidence found during Ham's arrest and his statements he intended to distribute marijuana. Ham's attorney did not breach his duty by allowing Ham to plead guilty. We affirm the decision of the district court.

## B. Sentencing

Ham claims the district court abused its discretion by considering an improper factor during sentencing: his illegal possession of a firearm when he was only charged with possession with intent to deliver. "A district court may not consider an unproven or unprosecuted offense when sentencing a defendant unless (1) the facts before the court show the defendant committed the offense, or (2) the defendant admits it." *State v. Jose*, 636 N.W.2d 38, 41 (Iowa 2001)

(citation omitted). "Sentencing decisions of the trial court are cloaked with a strong presumption in their favor, and an abuse will not be found unless the defendant shows that such discretion was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *State v. Loyd*, 530 N.W.2d 708, 713 (Iowa 1995). When determining the appropriate sentence, the court should "weigh and consider all pertinent matters in determining [a] proper sentence, including the nature of the offense, the attending circumstances, defendant's age, character and propensities and chances of his reform." *State v. Leckington*, 713 N.W.2d 208, 216 (Iowa 2006). The reviewing court does not decide the sentence it would have imposed but whether the sentence imposed was reasonable. *Formaro*, 638 N.W.2d at 755.

Ham claims the district court incorrectly considered his unproven or unprosecuted criminal activity. At the sentence hearing, Ham admitted to owning at least one firearm stating, "Why I had handguns in my possession. I served this country, and I have the right to have handguns." Because of Ham's admission at the time of sentencing, the district court could properly consider his possession of a firearm when imposing sentence as a circumstance surrounding the charge of possession with intent to deliver. *See Jose*, 636 N.W.2d at 41.

We find the district court did not abuse its discretion by considering impermissible factors when sentencing Ham.

**AFFIRMED.**