STATE of Iowa, Appellee,

v.

Eddie Charles RISDAL, Appellant.

No. 86–353.

Supreme Court of Iowa.

April 15, 1987.

Charles L. Harrington, Appellate Defender, and James R. Huff, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., David L. Dorff and Christie J. Scase, Asst. Attys. Gen., and Mary E. Richards, Co. Atty., for appellee.

Considered .by REYNOLDSON, C.J., and LARSON, SCHULTZ, CARTER, and WOLLE, JJ.

WOLLE, Justice.

Defendant Eddie Charles Risdal was tried and convicted of second-degree and third-degree sexual abuse of two minor boys. *See* Iowa Code §§ 709.1(3), 709.3(2), 709.4(5) (1985). He was sentenced to serve two consecutive indeterminate terms of incarceration—one term not to exceed twenty-five years, the other not to exceed ten years. *See* Iowa Code §§ 902.9(1), (3). In this direct appeal from the judgment of conviction defendant contends his trial counsel provided ineffective representation, denying him his right to counsel under the sixth amendment. First he contends his

trial counsel should have made the showing required by Iowa Rule of Evidence 412, the rape shield law, to enable him to inquire into the victims' past sexual behavior. Second, he contends his trial counsel ineffectively cross-examined the State's principal expert witness, eliciting very damaging testimony and then failing to have it stricken. Defendant's contentions are without merit. We affirm.

Evidence presented during the jury trial disclosed that defendant lived by himself on an acreage where he operated a salvage business outside the city of Ames. Defendant befriended several area boys and often allowed them to come to his home to play or to work with him in the salvage yard. According to the boys, a routine evolved through which they placed a collect call to defendant when they wanted to visit him. Defendant would then refuse the call and, if convenient, phone them back and make arrangements to drive to town to pick them up and transport them to his home. Once there, the children helped dismantle cars, rode defendant's mini bike or lawn mower, and had access to cigarettes, soda pop and food. Two boys testified that on several occasions while they were at his residence, defendant performed on them acts that constitute sexual abuse. Each of the victims testified he had witnessed defendant sexually abuse the other; two other children testified and corroborated the victims' testimony.

Defendant took the stand and testified that he had frequently brought the boys for visits to his home. He explained:

They kind of figured me as a person—likeable person, likeable person to look up to and kind of a father figure and stuff. And some of them would even call me dad and stuff when they were out there, which—I don't know—made me feel good not having kids of my own.

But most of the time they just relayed their trust in me, and they wanted to come out because there were things they could do.

They always liked to mow the yard, and I knew they wanted to do it just to ride the mower and stuff. But they did get a little work done while they were there too and helped me out.

Although details of the victims' testimony were in many respects confirmed by defendant's testimony, defendant firmly denied that he had any sexual contact with the children. Defendant's two-pronged claim of ineffective assistance of trial counsel focuses on the credibility of the children who were victims and witnesses. He contends his trial counsel should have obtained permission before trial to impeach the children's testimony with evidence of their past sexual activity. He also contends his trial counsel cross-examined an expert witness so ineffectively as to inject into the record extremely prejudicial testimony buttressing the credibility of the prosecution witnesses.

I. *Review of Claims of Ineffectiveness of Counsel.*

Established principles govern our review of defendant's sixth amendment claim that trial counsel was ineffective. Ineffective assistance claims are generally reserved for postconviction proceedings but can be resolved on direct appeal when, as here, the record adequately presents them. *State v. Ueding*, 400 N.W.2d 550, 553 (Iowa 1987); *State v. Ogilvie*, 310 N.W.2d 192, 197 (Iowa 1981). Our ultimate concern is with "the fundamental fairness of the proceeding whose result is being challenged." *Strickland v. Washington*, 466 U.S. 668, 696, 104 S.Ct. 2052, 2069, 80 L.Ed.2d 674, 699 (1984). Ineffective assistance is measured by whether "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686, 104 S.Ct. at 2064, 80 L.Ed.2d at 692–93; *see Schertz v. State*, 380 N.W.2d 404, 408 (Iowa 1985). In examining counsel's conduct, we review de novo the totality of relevant circumstances, *State v. Yaw*, 398 N.W.2d 803, 805 (Iowa 1987), mindful of the presumption that counsel performed competently. *Taylor v. State*, 352 N.W.2d 683, 685 (Iowa 1984). Defendant bears the burden of proving by a preponderance of the evidence that (1) counsel failed to perform an essential duty and (2) prejudice

resulted. *State v. Kraus*, 397 N.W.2d 671, 673 (Iowa 1987). "Reasonableness under prevailing professional norms" is the standard by which we measure counsel's performance. *Strickland*, 446 U.S. at 688, 104 S.Ct. at 2065, 80 L.Ed.2d at 694.

## II. *Failure to Make a Rule 412 Showing.*

Before commencement of trial the prosecution by motion in limine asked the court to instruct counsel not to mention during trial or inquire into several subjects, including "sex acts between any of juvenile victim-witnesses and any persons other than defendant" and "self-masturbation by the juvenile victim-witnesses." Support for the motion is found in Iowa Rule of Evidence 412(b), which provides:

> Notwithstanding any other provision of law, in a criminal case in which a person is accused of sexual abuse, evidence of a victim's past sexual behavior other than reputation or opinion evidence is also not admissible, unless such evidence other than reputation or opinion evidence is:
>
> (1) admitted in accordance with subdivisions "c"(1) and "c"(2) and is constitutionally required to be admitted; or
>
> (2) admitted in accordance with subdivision "c" and is evidence of:
>
> (A) past sexual behavior with persons other than the accused, offered by the accused upon the issue of whether the accused was or was not, with respect to the alleged victim, the source of semen or injury; or
>
> (B) past sexual behavior with the accused and is offered by the accused upon the issue of whether the alleged victim consented to the sexual behavior with respect to which sexual abuse is alleged.

Under subparagraph (c) of rule 412 the defendant was required to make a timely offer of proof demonstrating that the proffered evidence of past sexual behavior would have probative value outweighing the danger of unfair prejudice. Defendant's counsel made no such offer of proof.

At the hearing on the motion in limine, defendant conceded that the "consent" ex-

ception of subparagraph 2(B) of the rule was inapplicable because the children were quite young. Defendant argued, however, that the evidence was so crucial for attacking the credibility of the victims as to be admissible under the "constitutionally required" reference in the rule. The defendant argued to the trial court, as he argues on this appeal, that jurors hearing child victims describe sexual incidents would assume the children lacked the background from which to fabricate the occurrence unless the jurors learned from concrete evidence that the children had prior sexual experience. The trial court ruled:

> [The evidence] is clearly precluded by Rule of Evidence 412. The defendant is precluded from going into these matters unless a showing is made in compliance with that rule.

Defendant asserts on appeal that his trial counsel was ineffective for failing to make the pretrial showing required by rule 412(c), a prerequisite for use of that evidence at trial.

We first examine the prejudice component of this ineffectiveness claim. *Gering v. State*, 382 N.W.2d 151, 154 (Iowa 1986); *Taylor*, 352 N.W.2d at 685. In order to establish prejudice, defendant must show that there is a reasonable probability that "but for trial counsel's alleged unprofessional errors, the result of the proceeding would have been different." *Yaw*, 398 N.W.2d at 807; *see Nix v. Whiteside*, 475 U.S. ——, ——, 106 S.Ct. 988, 999, 89 L.Ed.2d 123, 140 (1986).

From our review of the entire record, we conclude that defendant has not established a reasonable probability of prejudice. Defendant has not pinpointed just what previous incidents involving sexual activity of the children may have been particularly important to his defense. Rule 412 requires a far greater showing for admissibility of past sexual behavior than that it have slight probative value or some value for impeachment.

We have studied this entire record to determine just what offer of proof defendant's trial counsel might have presented before trial concerning past sexual be-

havior of the witnesses. We conclude the evidence would not have been admissible under any provision within rule 412, and therefore defendant was not prejudiced by his counsel's failure to make an offer of proof. Like the evidence of prior sexual activity deemed inadmissible in *State v. Clarke*, 343 N.W.2d 158 (Iowa 1984), the evidence of past sexual activity of witnesses in this case was of marginal probative value and was certainly outweighed by "the substantial danger of unfair prejudice, confusion of issues, misleading of the jury, and invasion of [the victims'] privacy which rule 412 and other rape shield laws are designed to prevent." *Id.* at 163; *see State v. Davis*, 269 N.W.2d 434, 439 (Iowa 1978); *State v. Ball*, 262 N.W.2d 278, 281 (Iowa 1978). We pointed out in *Clarke* that evidence of past sexual behavior of the character mentioned in this record is not constitutionally required to be admitted. *Clarke*, 343 N.W.2d at 161.

We are also convinced from reviewing the entire record that the jury's verdict would probably not have been different even if the prior sexual activity had been disclosed to the jurors during cross-examination of the victims and other children who testified. Defendant's first claim of ineffectiveness of counsel is without merit.

III. *Eliciting Unfavorable Testimony During Cross-Examination.*

Defendant's second claim of ineffective assistance of counsel concerns the cross-examination of a social worker called by the prosecution as an expert witness. Before trial defendant's counsel succeeded in obtaining a ruling limiting the expert's testimony concerning the reaction and conduct of child sexual abuse victims. The court ruled that the expert

> will not be testifying regarding the facts in this case or whether the defendant is guilty or not guilty or whether the children in this case were or were not sexual abuse victims.

On direct examination the witness discussed the characteristics indicative of child abuse and the reasons why boy victims of sexual abuse may voluntarily continue to associate with their abuser. The truthfulness of abused children was not addressed. During cross-examination, however, the social worker elaborated in answering one question by explaining,

> what we find is [children] very, very rarely lie about sexual victimization. It does occur, but statistically it's usually three percent in our studies and very low incidence of children fabricating stories about sexual victimization.

Defendant contends his trial counsel was ineffective when first he elicited the unfavorable testimony and then failed to have it stricken from the record as unresponsive.

A claim of ineffectiveness of counsel must be premised on more than simply questionable or unsuccessful trial tactics. *Kyle v. State*, 364 N.W.2d 558, 565 (Iowa 1985); *State v. Losee*, 354 N.W.2d 239, 243 (Iowa 1984). Here, as in *Kyle*, defendant's attorney made a judgment call concerning how best to use cross-examination to discredit the prosecution witness. Counsel chose to challenge that testimony with questions attacking the method used by the social worker to substantiate complaints of sexual abuse. After the witness during cross-examination expressed the opinion quoted above, defendant's trial counsel continued to question the social worker about methodology. By maintaining this approach and extracting a grudging concession that studies in this field depend upon incomplete reporting and many variables, defendant's counsel managed to stay with his chosen strategy of attack and moved the focus away from the testimony about truthfulness of child victims. He arguably thereby defanged that testimony more effectively than if he had interrupted his interrogation by moving to have the unresponsive part of the answer stricken from the record.

Whether twenty-twenty hindsight tells us trial counsel was wise or unwise in selecting this strategy for cross-examination, common sense and experience teach that the strategy was well within the range of reasonable professional competence. *See State v. Wilkens*, 346 N.W.2d 16, 19 (Iowa 1984) (not ineffective assistance for counsel to make sound tactical decision to

emphasize self-defense rather than diminished capacity, then stay that course in preparing and presenting case to jury); *State v. Newman,* 326 N.W.2d 788, 795 (Iowa 1982) ("We have refused to assume the role of Monday morning quarterback in condemning counsel's judgment in choosing between what are frequently equally hazardous options available to him.").

Defendant has not demonstrated that his trial counsel's performance deprived him of his sixth amendment right to effective assistance of counsel.

AFFIRMED.