STATE of Iowa, Appellee,

v.

Darla Jean **DANDRIDGE**, Appellant.

No. 89–694.

Court of Appeals of Iowa.

Feb. 22, 1990.

John O. Moeller, Davenport, for appellant.

Thomas J. Miller, Atty. Gen., Ann E. Brenden, Asst. Atty. Gen., and William Davis, Scott County Atty., for appellee.

Heard by OXBERGER, C.J., and SCHLEGEL and HAYDEN, JJ.

HAYDEN, Judge.

Defendant pleaded guilty to possession of marijuana with intent to deliver, and possession of LSD with intent to deliver.

During the sentencing proceeding, defendant challenged an entry in the presentence report she had tested positive for cocaine in a urinalysis test. She suggested her use of antihistamines had caused a false positive test result. In response, the prosecutor commented: "I know for a fact that this defendant has, subsequent to these charges, sold cocaine to other individuals. So I don't believe for a second that she hasn't been using cocaine."

The district court sentenced defendant to imprisonment for up to five years on each charge, with the two terms to run concurrently. The sentencing record is silent whether the sentencing court relied upon, in any respect, the prosecutor's comment or whether it disregarded the comment.

On appeal defendant challenged the sentence. She contends the prosecutor's comment introduced an improper consideration into the sentencing hearing, namely other unprosecuted crimes which had not been proved by the State nor admitted by the defendant. She argues she is entitled to be resentenced because the allegations of unproved crimes entered the record, and because the court by its silence failed to demonstrate it had given no weight to the unproved crimes.

The State agrees error occurred in the sentencing hearing. The State argues defendant is not entitled to a reversal because she did not object to the prosecutor's comment and thus failed to preserve the error for appellate review. In response

defendant claims her failure to object was because of ineffective assistance of counsel. We agree.

Our review is on assigned error. Iowa R.App.P. 4.

Here there were no facts before the court to support the improper allegations of the prosecutor. Defendant did not admit to these accusations. The trial court did not make a finding whether or not facts existed to substantiate these allegations. The trial court did not indicate it relied upon these allegations. Also, the trial court has not indicated in any manner it did not consider them in determining its sentence of defendant.

The prosecutor also stated to the court, before sentence was pronounced, "[t]he quantities [of cocaine] defendant possessed were consistent with distribution and not for personal use" and "[w]ith that in mind, your honor, ... we would in fact recommend incarceration in this case."

The standards for claims of ineffective assistance are: 1) counsel failed to perform an essential duty, and 2) prejudice resulted to the extent there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *State v. Risdal*, 404 N.W.2d 130, 131–32 (Iowa 1987).

We have considered the State's claim defendant was not prejudiced and the outcome would not have been different. We cannot say defendant was not prejudiced or the sentence would not have been different. We hold defendant's attorney at the sentencing was ineffective in failing to: object; require the prosecutor to prove or in some manner substantiate the allegations; move to set aside the sentence; or in any other manner protect defendant's interest. In the interest of justice and fairness, we vacate the sentence and remand to the district court for resentencing consistent with this opinion.

SENTENCE VACATED AND REMANDED.