STATE of Iowa, Appellee,

v.

Bryan W. HAVEMANN, Appellant.

No. 92–1368.

Court of Appeals of Iowa.

Feb. 25, 1994.

Linda Del Gallo, State Appellate Defender, and Kevin Cmelik, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Chris Odell, Asst. Atty. Gen., William F. Creasey, County Atty., and Ronald Arispe, Asst. County Atty., for appellee.

Considered by DONIELSON, P.J., and SCHLEGEL and SACKETT, JJ.

SCHLEGEL, Judge.

Defendant Bryan Havemann was charged with two counts of burglary in the second degree, in violation of Iowa Code section 713.5 (1991), and one count of theft in the third degree, in violation of section 714.2(3). A jury trial on the charges was held. The jury found Havemann guilty of one count of burglary and one count of theft. The district court sentenced him on these convictions. Havemann appeals.

At the trial the State presented evidence to show that several items were taken from the home of Dee and Julian Ortiz in rural Muscatine County on March 30, 1992. A camcorder and some old coins were taken at that time. Again, on April 11, 1992, the house was broken into, and some items were taken from the home. This time a television and VCR were stolen.

The evidence showed that the culprit knew the location of the items and the Ortizes' estranged son, Danny Ortiz, was suspected. Police officers questioned Danny, and he confessed to the burglaries. Danny stated he had been aided in the burglaries by Bryan Havemann. Danny entered into a plea agreement with the State in which he pled guilty to one count of burglary and the State agreed to recommend that he receive a deferred judgment and probation.

At Havemann's trial, Danny testified that Havemann had driven him to his parents' house on both occasions, had entered the house, and had helped him remove items from the house. He also testified that Havemann drove to Davenport, where they pawned the camcorder and shared the proceeds. Danny stated that he gave Havemann the television and VCR in exchange for a Ford Granada.

Havemann's counsel, John E. Wunder, attempted to impeach Danny during cross-examination by a prior incident in which Danny had accused Havemann of forging some checks and later Danny admitted he had lied and that he had in fact committed the deed. The State objected to the evidence. Wunder argued that the evidence was admissible under Iowa Rule of Evidence 404(b). The district court ruled the evidence was not admissible under rule 404(b), and the evidence was not presented to the jury.

Havemann testified that he was an acquaintance of Danny and he sometimes drove Danny places in exchange for gas money. He admitted that he drove Danny to the Ortiz house on two occasions. However, he stated that Danny told him he had left some of his belongings at the house and wanted to pick them up. Havemann denied entering the house. He also denied any knowledge that the items taken did not rightfully belong to Danny. He did state that when he saw Danny struggling to carry the television he helped him carry it to the car.

Additionally, Havemann admitted that he had driven Danny to Davenport and that Danny had then pawned the camcorder. Havemann stated that he did not receive any of the proceeds except for the gas money for the trip. He agreed that Danny had given him a television and VCR in exchange for a Ford Granada.

The jury found Havemann was not guilty of burglary for the incident on March 30, 1992. However, he was found guilty of burglary for the incident on April 11, 1992. He was also found guilty of theft due to his possession of stolen property, namely the television and VCR. As noted above, Havemann appeals his convictions.

Havemann contends that he did not receive effective assistance of counsel during

the trial. In particular, he states that his counsel attempted to introduce the impeachment evidence against Danny under the wrong rule of evidence. The State agrees that the evidence should have been admissible under rule 608 and that defense counsel did not attempt to introduce the evidence under this rule.

■ Our standard of review on this constitutional issue is de novo. *State v. Bumpus*, 459 N.W.2d 619, 627 (Iowa 1990).

■ Ineffective assistance claims are generally reserved for postconviction proceedings, but can be resolved on direct appeal when the record adequately presents them. *State v. Risdal*, 404 N.W.2d 130, 131 (Iowa 1987). Where counsel's conduct can in no way be attributed to mere improvident trial strategy, miscalculated tactics, or mistaken judgment, the issue of ineffective assistance of counsel may be decided on direct appeal. *State v. Goff*, 342 N.W.2d 830, 838 (Iowa 1983).

We determine the record before us is sufficient to allow us to address defendant's claims on direct appeal.

■ The test we apply to a claim of ineffective assistance of counsel is whether under the entire record and totality of the circumstances, counsel's performance was within the range of normal competency. *Meier v. State*, 337 N.W.2d 204, 206 (Iowa 1983). To establish a claim of ineffective assistance of counsel, the record must show: (1) that counsel's performance was so deficient as not to be functioning as counsel guaranteed by the Sixth Amendment; and (2) that the deficient performance so prejudiced the defense as to deprive the defendant of a fair trial. *Kane v. State*, 436 N.W.2d 624, 627 (Iowa 1989).

■ In this case, the State agrees that defense counsel's representation was deficient in that the proper ground for the admission of cross-examination on specific instances of untruthful conduct was not argued to the trial court. However, the State argues that Havemann was not prejudiced by his counsel's ineffective assistance.

■ We may first examine the prejudice component of an ineffectiveness claim. *Risdal*, 404 N.W.2d at 132. In order to establish prejudice, a defendant must show that but for trial counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*

■ A defendant's right to cross-examine a witness is secured by the confrontation clause of the Sixth Amendment and made applicable to the states under the Fourteenth Amendment to the United States Constitution. *State v. Houston*, 439 N.W.2d 173, 177 (Iowa 1989).

■ A witness's credibility is placed in issue when that witness testifies. *Id.* Therefore, a defendant may question the credibility of a State's witness by attempting to impeach the witness by proper cross-examination. *Id.* Under Iowa Rule of Evidence 608(b), a witness may be questioned on cross-examination, within the discretion of the court, concerning his or her character for truthfulness or untruthfulness. *State v. Clark*, 325 N.W.2d 381, 383 (Iowa 1982).

This court has previously held that where a case is close on the facts, failure to allow questions relating to a witness's credibility must be presumed prejudicial. *State v. Chambers*, 370 N.W.2d 600, 603 (Iowa App. 1985).

We find the present case is not close on the facts. There was substantial evidence in the record for the jury to find defendant guilty. Defendant had possession of two of the stolen items. Also, he admitted he drove Danny to the Ortiz house and had helped carry out the television.

Furthermore, the impeachment evidence in question was cumulative to other evidence of Danny's character and credibility. The supreme court has stated, "The question is whether, when the jurors weighed [the witness's] credibility, they understood the kind of person he is." *Clark*, 325 N.W.2d at 383. Here, the jury heard testimony from several witnesses concerning Danny's untruthfulness and untrustworthiness. Danny's own testimony showed he had stolen from his family. We find the jurors had sufficient information

to understand Danny's character and determine his credibility.

We conclude defendant has not shown he was prejudiced by his counsel's failure to introduce the alleged check forging evidence. We find no reasonable probability the outcome of the case would have been different if the evidence had been admitted.

We affirm defendant's convictions for the crimes of burglary in the second degree and theft in the third degree.

**AFFIRMED.**