STATE of Iowa, Appellee,

v.

Craig Eugene SMITH, Appellant.

No. 94–1488.

Court of Appeals of Iowa.

Nov. 27, 1995.

Alfredo Parrish of Parrish, Kruidenier, Moss, Dunn, Montgomery & Thomas, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Thomas S. Tauber, Assistant Attorney General, John P. Sarcone, County Attorney, and James Ramey and Steve Foritano, Assistant County Attorneys, for appellee.

Heard by HAYDEN, P.J., and SACKETT and HUITINK, JJ.

HUITINK, Judge.

Craig Eugene Smith appeals the judgment and sentence entered upon his conviction, following a jury trial, of first-degree murder. We affirm.

On September 30, 1993, Smith was living in a tent under the University Avenue bridge in Des Moines where he was drinking with Craig Allen and several others. According to Smith, Allen made an unwelcome sexual advance toward him, leading to a fight during which Smith struck Allen several times with his fist and a metal pipe. Allen died of the wounds sustained from Smith's beating. Smith disposed of Allen's body in a nearby woods, covering it with a blanket. The body was discovered on October 2, 1993.

That evening attorney John Wellman was contacted on Smith's behalf, and Wellman immediately contacted Smith by telephone. Wellman also spoke to Janice Johnson who informed Wellman that Smith told her he killed Allen. Smith told Wellman he killed Allen by striking him with his fists and a metal pipe following Allen's sexual advances.

Wellman met with Smith the next day and informed him of the potential criminal charges he faced, including first-degree murder and manslaughter. Wellman and Smith discussed telling the police Smith struck Allen because he was provoked by Allen's sexual advances. Smith agreed to make a statement to the police, and two Des Moines police officers came to Wellman's office to take the statement. Smith was read his *Miranda* rights and proceeded to give his statement, confessing he had killed Allen by hitting him repeatedly with his hands following Allen's unwelcome sexual advances. Smith did not tell the police he also struck Allen with a metal pipe. Wellman was present during the interview and controlled most of the questioning.

Smith was charged with first-degree murder and was convicted following a jury trial. Prior to sentencing, Smith filed a motion for new trial, alleging Wellman was ineffective for failing to perform a thorough investigation before allowing Smith to make an inculpatory statement to the police. After a hearing on the motion, the district court rejected Smith's claims and denied his motion for a new trial.

On appeal Smith contends he was denied effective assistance of counsel and that it was error for the district court to conclude otherwise. Since Smith's claim implicates his Sixth Amendment right to counsel, our review is de novo. *Hinkle v. State,* 290 N.W.2d 28, 30 (Iowa 1980).

Generally, ineffective assistance of counsel claims are preserved for postconviction proceedings to allow trial counsel an opportunity to respond. *State v. Mulder,* 313 N.W.2d 885, 890 (Iowa 1981); *State v. Nebinger,* 412 N.W.2d 180, 191–92 (Iowa App. 1987). We will, however, consider this issue on direct appeal if the record is sufficient to evaluate appellant's claims. *State v. Schoelerman,* 315 N.W.2d 67, 71 (Iowa 1982).

In this case Smith's allegations concerning trial counsel's effectiveness were raised in a posttrial motion. He was assigned a new lawyer who investigated Smith's allegations and represented him at the hearing. The record also includes Wellman's response to Smith's allegations. We accordingly find the record sufficient to address this issue on direct appeal.

To prevail on his ineffective assistance claim an appellant must show by a preponderance of the evidence that (1) counsel failed to perform an essential duty and (2) prejudice resulted. *See State v. Risdal,* 404 N.W.2d 130, 131 (Iowa 1987); *Edman v. State,* 444 N.W.2d 99, 101 (Iowa App.1989).

In evaluating counsel's performance, we presume that counsel acted competently. *See Risdal,* 404 N.W.2d at 131. "Improvident trial strategy, miscalculated tactics, mistakes, carelessness, or inexperience do not necessarily amount to ineffective counsel." *State v. Aldape,* 307 N.W.2d 32, 42 (Iowa 1981). "Counsel's duty to investigate and prepare a defense is not limitless and does not require counsel to pursue each possible witness and delve into every line of inquiry." *Heaton v. State,* 420 N.W.2d 429, 431 (Iowa 1988). Prejudice requires proof that but for counsel's unprofessional errors, there is a reasonable probability that the result of the proceedings would have been different. *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

█ The record indicates Wellman, before advising Smith to make a statement to police, knew Smith had admitted killing Allen to at least three people and that one of them, Janet Johnson, intended to "go to the police" if Smith did not turn himself in. Wellman also knew Smith repeatedly struck Allen with a pipe. There is also evidence indicating Wellman explained and Smith acknowledged that the use of the pipe increased his exposure to a first-degree murder conviction.

Wellman testified that, based on this information, he concluded the best result he could obtain for Smith was a conviction of the lesser-included offense of voluntary manslaughter. Wellman also realized this defense theory would require evidence that Smith was provoked by Allen's sexual advances. He, after consulting with Smith, decided a statement to the police, albeit inculpatory, afforded Smith an opportunity to explain his version of the killing without exposing Smith to difficult cross-examination at trial.

Wellman also considered the fact that if Smith gave a statement, Wellman would be present and would be able to exercise a degree of control over the proceedings. Wellman believed that independent investigation of Smith's story was unnecessary because regardless of what such an investiga-tion would uncover, a statement to the police was essential for Smith to avoid testifying. Wellman felt it was in Smith's best interest to give this statement to police immediately.

We are unable to find Wellman breached any essential duty by allowing Smith to make an inculpatory statement to the police. Wellman had no duty to make any additional investigation when such an investigation would not have revealed anything Wellman did not already know. We conclude Wellman's decision to allow Smith to make this statement was a reasonable strategic choice entirely consistent with the only plausible defense available to his client. The fact the credibility of Smith's statement may have been damaged by his failure to tell the police he struck Allen with a pipe does not change our conclusion. This was Smith's statement, not Wellman's. Wellman had no reason to believe Smith would exclude this fact from his statement. The resulting negative inferences were therefore not the result of any unprofessional error. Smith has failed to overcome the strong presumption that Wellman acted competently.

█ Even if Wellman had breached an essential duty, we find Smith has not shown the required prejudice. The record shows Smith confessed the killing to several others. The jury could have also inferred malice, premeditation, and specific intent to kill from the evidence indicating Smith was struck by a blunt object. Smith has not established that but for the alleged impropriety the result would have been different.

Accordingly, we find Smith's ineffective assistance of counsel claim is without merit. We affirm the decision of the district court.

**AFFIRMED.**