# IN THE COURT OF APPEALS OF IOWA

No. 17-1787
Filed February 6, 2019

**EDDIE CHARLES RISDAL,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.

_____

Appeal from the Iowa District Court for Story County, James C. Ellefson,
Judge.

Eddie Risdal appeals the order dismissing his application for postconviction
relief. **AFFIRMED.**

Scott M. Wadding of Kemp & Sease, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney
General, for appellee State.

Considered by Doyle, P.J., and Mullins and McDonald, JJ.

**DOYLE, Presiding Judge.**

Eddie Risdal appeals from the district court's dismissal of his application for postconviction relief (PCR). Risdal did not file his application within the three-year statute of limitations as provided in Iowa Code section 822.3 (2017). He contends the statute-of-limitations bar does not apply because of newly discovered evidence. We affirm the decision of the district court.

In February 1986, Risdal was tried and convicted of one count of second-degree sexual abuse and one count of third-degree sexual abuse, in violation of Iowa Code sections 709.3 and 709.4 (1985). The Iowa Supreme Court affirmed his convictions in April 1987. *State v. Risdal*, 404 N.W.2d 130, 134 (Iowa 1987). Risdal filed an application for PCR on September 12, 2017, alleging that the trial court violated his Sixth Amendment right to confront his victims during his criminal trial. Specifically, he alleged:

> The prosecutor denied Risdal his right to confront the two victims of 11776 and 11777 prior jury trial.
> Also during the jury trial the prosecutor testified that Risdal had 60 some other victims. Again Risdal was denied his right to confront the 60 some victims. [spelling corrected].

The State moved for summary disposition, contending Risdal's application was barred by the statute of limitations under section 822.3. After a hearing on the application, the district court granted the State's motion, finding:

> This post-conviction relief case came before the court on October 30, 2017, for hearing on the State's Motion to Dismiss. Assistant Story County Attorney Shean Fletchall appeared on behalf of the State. The applicant did not appear.
> When this motion was set for hearing on October 19, 2017, the set-down order provided that the applicant should provide his telephone number to the court to permit him to participate in the hearing. The applicant has failed to provide his telephone number.

The court acknowledges that dismissal is a severe remedy. In preparing to hear the motion, and anticipating the requests by the parties that the court take judicial notice of the underlying convictions in FECR011276 and FECR011277, the court has learned the applicant was convicted over thirty years ago, in early 1986. His allegation that he discovered the basis for his postconviction relief case on August 29, 2017, is so unlikely that the court considers dismissal for failure to participate in today's hearing in this case to be proportionate and appropriate.

Risdal now appeals. Applications for PCR are normally reviewed for corrections of errors at law unless they raise constitutional issues. *See Perez v. State*, 816 N.W.2d 354, 356 (Iowa 2012). A postconviction action based on newly discovered evidence is reviewed for corrections of errors at law. *See More v. State*, 880 N.W.2d 487, 498 (Iowa 2016). Summary dismissals of applications for postconviction relief are also reviewed for errors at law. *See Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011).

Applications for postconviction relief "must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." Iowa Code § 822.3. "However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period." *Id.*; *see also State v. Edman*, 444 N.W.2d 103, 105 (Iowa Ct. App. 1989).

The Iowa Supreme Court issued procedendo on Risdal's direct appeal on May 6, 1987, and therefore, the postconviction-relief statute of limitations expired on May 6, 1990. Risdal's PCR application was filed on September 12, 2017, more than twenty-seven years after the statute of limitations had expired. Thus, Risdal's application is untimely unless it comes within the exception for claims based on "a

ground of fact or law that could not have been raised within the applicable time period." *See* Iowa Code § 822.3.

Risdal asserts that his claim should not be bound by traditional error-preservation rules and his action should not be barred by the statute of limitations based on the discovery of this new evidence. He asserts that on August 29, 2017, he first became aware that the State deprived him of his Sixth Amendment right to confront the victims in his underlying criminal trial, and he filed his application within three years of that discovery.

Risdal's two victims, along with other corroborating witnesses, testified against Risdal during his criminal trial. *Risdal*, 404 N.W.2d at 131. Risdal knew at the time of his criminal trial, which took place more than thirty years ago, whether the victims in his case testified and whether his right to confrontation was violated. Risdal was present at trial and took the stand and testified. *Id.* What occurred or did not occur at trial was certainly known to Risdal at that time and cannot now be considered newly discovered evidence—"a ground of fact or law that could not have been raised within the applicable time period." *See* Iowa Code § 822.3.

Furthermore, the right of confrontation does not apply to either of Risdal's complaints—that he was denied a right to confront the two victims pre-trial and that he was denied a right to confront some sixty additional victims allegedly mentioned by the prosecutor at trial. The Confrontation Clause did not provide Risdal with any pre-trial right to confront his two victims that testified at trial. *See State v. Weaver*, 608 N.W.2d 797, 802–803 (Iowa 2000). The Confrontation Clause did not provide Risdal with any right to confront the sixty additional non-testifying victims allegedly mentioned by the prosecutor at trial because the clause concerns

providing a defendant with an opportunity to challenge the testimony *introduced* by the State against the accused by means of cross-examination. *Id.*

While it is a bit unclear on what specific grounds the district court dismissed Risdal's PCR application, this court may affirm on any ground urged in that court. *See DeVoss v. State*, 648 N.W.2d 56, 61 (Iowa 2002). The State raised and argued the time-bar limitation of section 822.3. Risdal's application was properly denied because he filed his application beyond the three-year statute of limitations for PCR claims and the exception to the statute of limitations does not apply. We therefore affirm the district court's denial of Risdal's PCR application.

**AFFIRMED.**