# IN THE COURT OF APPEALS OF IOWA

No. 19-0793
Filed April 15, 2020

**EDDIE CHARLES RISDAL,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Story County, Angela L. Doyle, Judge.

Eddie Risdal appeals the district court's dismissal of his application for postconviction relief. **AFFIRMED.**

Richard R. Hollis, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., Doyle and May, JJ.

**VAITHESWARAN, Presiding Judge.**

Iowa Code section 822.3 (2018) requires most postconviction-relief applications to be filed "within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." *See Sahinovic v. State*, ___ N.W.2d ___, ___, 2020 WL 1069494, at *2 (Iowa 2020) (stating section 822.3 "establishes a general rule" of filing within that time period). The limitation "does not apply to a ground of fact or law that could not have been raised within the applicable time period." Iowa Code § 822.3.

More than three decades ago, the Iowa Supreme Court affirmed Eddie Risdal's convictions for second- and third-degree sexual abuse. *See State v. Risdal*, 404 N.W.2d 130, 130–34 (Iowa 1987). Risdal filed the postconviction-relief application that is the subject of this appeal in 2018. He alleged that in 1985, government actors violated his rights.

The State moved to dismiss the application as untimely. Following a hearing at which Risdal testified, the postconviction court granted the motion. The court preliminarily found that "[t]he post-conviction relief statute of limitations expired on May 6, 1990" and the present application "was filed on July 27, 2018." The court further found the application "raise[d] issues previously raised"; "[n]o new ground or fact of law [was] alleged"; and "[n]one of the information alleged by Risdal [was] newly-discovered evidence or show[ed] a freestanding claim of actual innocence" under *Schmidt v. State*, 909 N.W.2d 778 (Iowa 2018). The court concluded the application did not "allege[] a ground of fact or law that could not have been raised within the applicable time period for collateral review as set forth in Iowa Code [section] 822.3."

Risdal sought expanded findings and conclusions pursuant to Iowa Rule of Civil Procedure 1.904. He asserted:

> 4. Most if not all of the facts alleged were raised in prior actions. However, the claim of actual innocence was not previously raised. The application was filed on 27 July 2018. *Schmidt v. State*, 909 N.W.2d 778 (Iowa 2018) was filed on 23 March 2018. This case, appears to be the first case recognizing a free-standing actual innocence claim.
> 5. The application was filed approximately four months after the new law was announced.
> 6. The Applicant does not specifically state actual innocence as a basis for relief, but the list of alleged actions by law enforcement, if proven to be true, would support [an] actual innocence claim.

With respect to his claim of actual innocence, the court stated "notice of said claim was not provided to the State, the State was not given an opportunity to be heard on said claim and said claim was not addressed at the hearing on Risdal's application." The court denied Risdal's request to overrule the dismissal motion but stated Risdal could "file an application for post-conviction relief alleging actual innocence grounds, with notice and an opportunity to be heard [by] the State."[1]

On appeal, Risdal contends "the district court erred by rejecting [his claims] on procedural grounds" and postconviction counsel was ineffective in failing to recast his claims as constitutional issues.[2] "We review summary dismissals of

---

[1] Legislation that became effective on July 1, 2019 states: "An allegation of ineffective assistance of counsel in a prior case under this chapter shall not toll or extend the limitation periods in this section nor shall such claim relate back to a prior filing to avoid the application of the limitation periods." Iowa Code § 822.3. We need not decide how this provision would affect any future application Risdal may file.

[2] Risdal filed a pro se brief. Under recent legislation that took effect on July 1, 2019, "An applicant seeking relief under section 822.2 who is currently represented by counsel shall not file any pro se document, including an application, brief, reply brief, or motion, in any Iowa court. The court shall not consider, and opposing counsel shall not respond to, such pro se filings." Iowa Code § 814.6A(1). This court has declined to apply the provision to appeals filed before the effective date

postconviction-relief applications for errors at law." *Dewberry v. State*, ___ N.W.2d ___, ___, 2019 WL 6633750, at *3 (Iowa 2019) (quoting *Schmidt*, 909 N.W.2d at 784).

The postconviction court did not err in concluding that Risdal's claims were either raised before, as counsel conceded in his rule 1.904 motion, or did not allege a new ground of fact or law. Risdal said as much at the postconviction hearing, testifying that the claims arose in 1985 or 1986, at or before trial.

Risdal's belated assertion of a freestanding claim of actual innocence bears special mention. In his rule 1.904 motion, counsel acknowledged no such claim was raised at the postconviction-relief hearing and he simply wished to have the court construe the remaining claims as an assertion of actual innocence. Our courts have not been persuaded by bootstrapping attempts of this sort. *Id.* at *4 ("[I]t is questionable whether Dewberry even asserted a claim of actual innocence in the district court. . . . After the district court granted the State's motion to dismiss, Dewberry filed a motion to reconsider. In that motion, Dewberry explicitly identified his claim as a claim of actual innocence of robbery in the first degree. . . . As this claim was first presented to the district court, it was not a claim of actual innocence. . . . Dewberry's claim, as presented to the district court, was not a new issue."); *Everett v. State*, No. 18-1704, 2019 WL 5792648, at *1 (Iowa Ct. App. Nov. 6, 2019) (affirming court's conclusion that Everett's reliance on *Schmidt* was

---

of the legislation. *See, e.g., State v. Miller*, No. 18-1839, 2020 WL 1307697, at *6 (Iowa Ct. App. Mar. 18, 2020); *State v. Smith*, No. 18-2052, 2020 WL 376554, at *4 n.1 (Iowa Ct. App. Jan. 23, 2020); *State v. Syperda*, No. 18-1471, 2019 WL 6893791, at *12 (Iowa Ct. App. Dec. 18, 2019). That said, nothing in Risdal's pro se brief alters our conclusions.

"misplaced because there is no allegation of newly discovered evidence upon which any claim of actual innocence could be made," and Everett's "claims have been fully adjudicated and are time barred"). We conclude the district court did not err in denying Risdal's reconsideration motion.

We affirm the dismissal of Risdal's 2018 postconviction-relief application.

**AFFIRMED.**