# IN THE COURT OF APPEALS OF IOWA

No. 21-0725
Filed June 21, 2023

**TERRELL ONTERIAL LOBLEY,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Scott County, Mark D. Cleve, Judge.

Terrell Lobley appeals the denial of his application for postconviction relief following his 2007 convictions for second-degree murder and intimidation with a dangerous weapon. **AFFIRMED.**

Thomas Hurd of Law Office of Thomas Hurd PLC, Des Moines, for appellant.

Brenna Bird, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., and Greer and Chicchelly, JJ.

**VAITHESWARAN, Presiding Judge.**

The State charged Terrell Lobley with crimes arising out of a shooting in Davenport. A jury found him guilty of second-degree murder and intimidation with a dangerous weapon. *See State v. Lobley*, No. 07-0167, 2008 WL 2357672, at *1 (Iowa Ct. App. June 11, 2008). The court of appeals affirmed his convictions. *Id.* at *3. Lobley filed an application for postconviction relief. The district court denied the application following an evidentiary hearing.

On appeal, Lobley contends his trial attorney was ineffective in failing to (1) impeach the State's key witness; (2) investigate another potentially beneficial witness; and (3) file a posttrial motion to set aside the verdicts as inconsistent and irreconcilable. Lobley had to show (1) deficient performance and (2) prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Our ultimate concern is with 'the fundamental fairness of the proceeding whose result is being challenged.'" *State v. Risdal*, 404 N.W.2d 130, 131 (Iowa 1987) (citing *Strickland*, 466 U.S. at 696).

The first issue is premised on counsel's cross-examination of Roy Washington, a State witness who was incarcerated with Lobley. Lobley contends "multiple available impeachable offenses were not utilized to impeach" Washington. He points to "two first degree thefts back in '96," separate convictions for theft in the 'third and fourth degree'" and a recent plea to "theft 5th." In his view, the State opened the door to consideration of the convictions. The State responds that the evidentiary rule on use of prior convictions to attack witness credibility contained a time limit of ten years, subject to the court's balancing of probative value and prejudicial effect. *See* Iowa R. Evid. 5.609. The State vigorously denies

opening the door to consideration of the dated crimes and also argues "[f]urther impeachment with additional theft convictions would not have led the jury to discount Washington's testimony and acquit Lobley."

Washington testified at Lobley's trial more than ten years after his 1996 convictions. That fact alone diminished their probative value as an impeachment tool. Additionally, those convictions and others were not needed to undermine Washington's credibility, in light of admitted evidence of the same nature. Washington acknowledged he had pending charges of second-degree burglary and fourth-degree criminal mischief as a habitual offender, which the State would dismiss if Washington agreed to testify against Lobley. He stated the possible sentence as a habitual offender was "15 years" and he would be required to serve "[s]even" if the charges were not dismissed. When Lobley's attorney suggested he was more concerned with the length of the sentence he was facing than the circumstances of Lobley's case, Washington responded, "You're damn right." Washington also agreed he was presently in jail on the charges, previously pled guilty to and served time for first-degree theft, and previously had been in prison for a parole violation. In short, Washington's credibility was severely impugned without evidence of the additional convictions.[1] For purposes of impeachment, those convictions were cumulative.

The second issue relates to counsel's claimed failure to investigate a possibly beneficial witness who also was incarcerated with Lobley. Lobley's attorney admitted he did not speak to the witness. He explained, he "had no

---

[1] In light of our conclusion, we find it unnecessary to address whether the State opened the door to consideration of the outdated convictions.

indication that [the witness] would be a favorable witness" and would "contradict what was said by Roy Washington." "[I]n fact," counsel stated, the witness "very well could have just confirmed [Lobley's] confession" as recounted by Washington. That was far from a speculative risk, given Washington's suggestion that the witness wanted to "jump on" Lobley. As the postconviction court pointed out, counsel's decision not to investigate the witness "would have involved a strategic decision" because "[c]ounsel would have run the serious risk of having [the witness] learn of the[ ] substantial benefit Washington would receive from his testimony," which "could have incentivized [the witness] to testify similarly, which would have resulted in the State ending up with an even stronger case against the applicant." We conclude counsel did not engage in deficient performance by declining to investigate the witness.

We are left with Lobley's claim that counsel was ineffective in failing to file a new trial motion to challenge inconsistent verdicts.[2] The claim is premised on an opinion decided four years after his trial. *See State v. Halstead*, 791 N.W.2d 805, 815 (Iowa 2010). There, the court held "a criminal conviction of a compound offense cannot stand when the defendant has been acquitted of the underlying predicate offense." *Id.* at 806.

Counsel did not have an obligation to predict a change in the law. *State v. Schoelerman*, 315 N.W.2d 67, 72 (Iowa 1982) ("[A]n attorney need not be a 'crystal gazer' who can predict future changes in established rules of law in order to provide

---

[2] The State contends that, if Lobley's argument can be read as a direct challenge to the verdicts, rather than a challenge under an ineffective-assistance-of-counsel rubric, it is unpreserved because the issue was not raised in the trial court. We agree.

5

effective assistance to a criminal defendant."). But, even if *Halstead* was the law at the time of Lobley's trial, we agree with the district court that its holding did not apply to Lobley's circumstances because Lobley "was convicted and not acquitted of what the *Halstead* court would term the underlying predicate crime, and conversely he was not convicted of what would be termed the compound felony, but was instead convicted of one of its lesser-included offenses." *See State v. Sanchez*, No. 14-1912, 2016 WL 530409, at *4 (Iowa Ct. App. Feb. 10, 2016) ("*Halstead* is inapposite because [the defendant] was not acquitted of a predicate felony and found guilty of a compound felony.").

We conclude Lobley's trial attorney was not ineffective. We affirm the denial of Lobley's postconviction-relief application.

**AFFIRMED.**