# IN THE COURT OF APPEALS OF IOWA

_____

No. 24-1386
Filed February 11, 2026

_____

**Aaron David Secor,**
Applicant–Appellant,

v.

**State of Iowa,**
Defendant–Appellee.

_____

Appeal from the Iowa District Court for Linn County,
The Honorable Mark D. Fisher, Judge.

_____

**AFFIRMED**

_____

Webb L. Wassmer of Wassmer Law Office, PLC, Marion, attorney for
appellant.

Brenna Bird, Attorney General, and Timothy M. Hau, Assistant Attorney
General, attorneys for appellee.

_____

Considered without oral argument
by Greer, P.J., and Schumacher and Ahlers, JJ.
Opinion by Schumacher, J.

**SCHUMACHER, Judge.**

Aaron Secor appeals the denial of his application for postconviction relief, asserting the district court erred in finding that his trial counsel was not ineffective in failing to move for a mistrial and in not filing a motion in arrest of judgment or a motion for new trial. Secor also alleges the district court erred in finding his appellate counsel was not ineffective by raising a single unpreserved claim on direct appeal. Upon our review, we affirm.

## I.     Background Facts & Proceedings

Secor was convicted following a jury trial of assault with intent to inflict serious injury in violation of Iowa Code sections 708.1(2) (2021) and 708.2(1) and assault while displaying a dangerous weapon in violation of sections 708.1(2)(c) and 708.2(3). The convictions arose from an incident where Secor drove his van into the victim and then turned the van into the victim while driving at an increasing speed. The victim held onto the driver's side window opening, attempting to remain upright, but fell when the van accelerated, causing injuries. Secor was sentenced to 365 days incarceration on both convictions, to run concurrently. Secor has completed his sentence but seeks "a vacation of his conviction and sentence . . . and a new trial or reopening of his direct appeal."

During the criminal trial, while Secor was testifying in his defense, his probation officer from a separate criminal matter entered the courtroom. With the jury present, the probation officer indicated they were there "for his probation" while pointing at Secor. The judge immediately cut the probation officer off, requesting that the individual leave the courtroom. Later, outside the presence of the jury, the judge stated to counsel that "it was wholly inappropriate that they came in for any reason," but he "fe[lt] like it was fairly innocuous in front of the jury." Trial counsel testified at the postconviction-

relief (PCR) proceedings that they discussed with Secor about whether to move for a mistrial and Secor decided to continue with the trial, as he wanted to be released from custody as soon as possible. Counsel also testified at the PCR proceedings that they decided not to request a curative instruction because they felt the jury was not severely prejudiced by the probation officer's statement and believed that pointing it out in an instruction may prejudice Secor.

Following the jury trial and sentencing, Secor's relationship with his trial counsel deteriorated. The attorneys and Secor discussed the possibility of filing a motion for new trial or a motion in arrest of judgment, but Secor chose to pursue a direct appeal and PCR remedies.

Secor was assigned appellate counsel to handle his direct appeal. At the PCR trial, appellate counsel testified that he did not find any preserved errors to raise on appeal. Instead, appellant counsel requested the appellate court vacate the district court proceedings based on Secor not fully understanding the law and issues resulting in his conviction. Appellate counsel based this claim on Secor's alleged mental-health issues. Our court found the claim unpreserved and affirmed the convictions. *See State v. Secor*, No. 21-1886, 2023 WL 2673228, at *1 (Iowa Ct. App. Mar. 29, 2023).

Secor then filed a PCR application, raising ineffective-assistance-of-counsel claims. The issues Secor raised relevant to this appeal include: (1) trial counsel was ineffective for not moving for mistrial; (2) trial counsel was ineffective for failing to file a motion for new trial or a motion in arrest of judgment; and (3) appellate counsel was ineffective by raising a single, unpreserved issue on direct appeal.

At the PCR trial, Secor's trial counsel and appellate counsel testified. All denied they were ineffective. The PCR court found that Secor "failed to meet his burden of proving any of the alleged grounds for post-conviction relief." The PCR court also stated that "Secor's testimony was not very credible. It was self-serving and in conflict with other credible testimony." Secor now appeals the denial of his PCR application.

## II.      Standard of Review

We ordinarily review an appeal from denial of a PCR application for correction of errors at law. *Goode v. State*, 920 N.W.2d 520, 523 (Iowa 2018). But, when an applicant raises a constitutional claim such as ineffective assistance of counsel, our review is de novo. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). "[W]e give weight to the lower court's findings concerning witness credibility." *Id.*

## III.     Ineffective Assistance of Counsel

"When evaluating ineffective-assistance claims, we apply a two-pronged test: we ask whether trial counsel breached an essential duty and whether prejudice resulted from any such breach." *Krogmann v. State*, 914 N.W.2d 293, 306 (Iowa 2018) (citation omitted); *accord Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the first prong, Secor must show that "counsel's performance fell 'below the standard demanded of a reasonably competent attorney.'" *Krogmann*, 914 N.W.2d at 306 (quoting *Ledezma*, 626 N.W.2d at 142). "We presume counsel acted competently," but if an applicant proves that their counsel's actions "fell below the normal range of competency," the presumption is overcome. *Id.* (citation omitted). "Failure to raise a meritless issue does not establish counsel's performance was deficient." *Id.*

To establish the second prong, there needs to be "a reasonable probability . . . that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Wemark v. State*, 602 N.W.2d 810, 815 (Iowa 1999).

Because the test for ineffective assistance of counsel is a two-pronged test, Secor must show both prongs have been met. *Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015). If an applicant fails "to establish either of these elements, we need not address the remaining element." *Id.*

## A.    Failure to Move for Mistrial

Secor asserts that his trial counsel was ineffective for failing to move for a mistrial after his probation officer disrupted proceedings, announcing presence "for his probation" and pointing at Secor in front of the jury. We agree with the PCR court's ruling that counsel's failure to move for mistrial did not constitute ineffective assistance.

After the court cut off the probation officer and asked the officer to leave the courtroom, the court deferred to trial counsel and Secor for any request for curative measures. They determined they did not require any. At the PCR proceedings, trial counsel testified that he discussed with Secor "the option of making a mistrial." Trial counsel's recollection was that Secor did not want a motion for mistrial, as he was in custody and did not desire to restart or continue trial.

As for a curative-instruction request, trial counsel testified that he briefly discussed the option with Secor. Trial counsel and Secor determined that "a curative instruction would be more harmful than it would be helpful," as it would definitively inform the jurors that Secor was on probation for another offense. Trial counsel testified that he and Secor felt the probation

5

officer entering the courtroom, while unfortunate, did not necessarily prejudice the jury, which is supported by the trial record and PCR testimony.

We agree with the PCR court that the decision of trial counsel to not move for a mistrial did not fall below the standard of competent representation. *See Krogmann*, 914 N.W.2d at 306. The PCR court found counsel's testimony to be credible that he consulted Secor about possible curative measures and that Secor agreed to eschew them. *See Ledezma*, 626 N.W.2d at 141. And because "[a] claim of ineffectiveness of counsel must be premised on more than simply questionable or unsuccessful trial tactics" which may culminate in an undesirable result, Secor has not satisfied the first prong of an ineffective-assistance claim. *See State v. Risdal*, 404 N.W.2d 130, 133 (Iowa 1987); *see also State v. Wilkens*, 346 N.W.2d 16, 18 (Iowa 1984).

### B.    Failure to Move in Arrest of Judgment or for New Trial

Secor next argues that trial counsel not filing a motion in arrest of judgment or a motion for new trial was a structural error.[1]

Structural error by defense counsel may occur:

> (1) [when] counsel is completely denied, actually or constructively, at a crucial stage of the proceeding; (2) where counsel does not place the prosecution's case against meaningful adversarial testing; or (3) where

---

[1] The State argues that Secor's structural-error arguments are not preserved for this appeal because the district court did not specifically rule on the issue and instead analyzed the claims under the ineffective-assistance framework. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) (holding "[i]t is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal"). Both parties briefed the structural-error claim for PCR proceedings, and the district court's order states, "The Court finds that the Applicant has failed to meet his burden of proving *any* of the alleged grounds for post-conviction relief." (Emphasis added.) We determine that the structural-error issues are preserved.

6

> surrounding circumstances justify a presumption of ineffectiveness, such as where counsel has an actual conflict of interest in jointly representing multiple defendants.

*Lado v. State*, 804 N.W.2d 248, 252 (Iowa 2011). Unlike ineffective-assistance-of-counsel claims, structural error does not require a showing of prejudice, as prejudice is assumed. *Id.* The party claiming structural error need not "show he would have obtained a different outcome absent the counsel's structural error." *Id.* If structural error exists, "the underlying criminal proceeding is so unreliable the constitutional or statutory right to counsel entitles the defendant to a new proceeding." *Id.*

Here, Secor argues that his trial counsel committed structural error by failing to file a motion in arrest of judgment or a motion for new trial, which he alleges was a denial of counsel at a crucial stage and failed to "place the prosecution's case against meaningful adversarial testing." *See id.* Testimony from the PCR proceeding indicates that the attorney-client relationship between counsel and Secor deteriorated after the jury trial. Despite the relationship souring, one of his trial attorneys testified that he still discussed the option of filing the motions with Secor. This attorney also testified that Secor did not want to file these motions; instead he wished to continue with his direct appeal and PCR alternatives. Although this decision by Secor limited the issues properly preserved for his direct appeal, Secor was "the master of his own defense" and appears to have decided to pursue this strategy under his own prerogative. *See Krogmann*, 914 N.W.2d at 313–16.

We find that Secor was neither denied counsel "at a crucial stage of the proceeding" nor that his counsel failed to "place the prosecution's case against meaningful adversarial testing" because of his own decisions after conferring with his counsel. *Lado*, 804 N.W.2d at 252.

## C.    Structural Error by Appellate Counsel

Lastly, Secor asserts that his appellate counsel was ineffective because he raised an unpreserved error without legal or evidentiary basis, constituting structural error. *See Secor*, 2023 WL 2673228, at *1. The right to effective counsel extends to a defendant's direct appeal. *Sims v. State*, 295 N.W.2d 420, 424 (Iowa 1980).

Secor argues that his appellate attorney failed to communicate with him concerning the appeal, did not provide a copy of his brief, raised an unpreserved issue, and did not pursue a sufficiency-of-the-evidence argument. Because of these failures, Secor asserts that he was denied counsel at a crucial stage—his direct appeal—and that appellate counsel did "not place the prosecution's case against meaningful adversarial testing." *Lado*, 804 N.W.2d at 252.

Appellate counsel testified at the PCR proceeding that Secor telephoned him multiple times a day during the appeal preparation. These calls lasted around twenty minutes. Contrarily, Secor testified that his appellate counsel only spoke to him "very little" about the appeal. The district court found that Secor's testimony was not credible compared to that of his appellate attorney. *See Ledezma*, 626 N.W.2d at 141.

Further, appellate counsel testified that he could not find any meritorious preserved claim to attack the trial proceedings. Instead, he chose to pursue an unpreserved claim regarding Secor's mental health. While counsel could have pursued a sufficiency-of-the-evidence claim absent preservation, he testified that he did not think such a claim would have been meritorious based on the evidence. *See State v. Crawford*, 972 N.W.2d 189, 202 (Iowa 2022); *Lawson v. State*, No. 24-0193, 2025 WL 2407530, at *2

(Iowa Ct. App. Aug. 20, 2025) ("And we do not speculate about counsel's performance or strategy, but we require PCR applicants to develop such arguments to establish structural error."). While appellate counsel made an ultimately unsuccessful judgment concerning what issue to appeal based on his assessment of the case, he still challenged the convictions, which shows Secor was not denied counsel. *See Blair v. State*, No. 13-0358, 2014 WL 5242901, at *3 (Iowa Ct. App. Oct. 15, 2014) ("Improvident trial strategy, miscalculated tactics, or mistakes in judgment do not necessarily amount to ineffective assistance." (parenthetically quoting *Sims*, 295 N.W.2d at 423)); *Gibler v. State*, No. 15-2222, 2017 WL 512485, at *5 (Iowa Ct. App. Feb. 8, 2017) ("None of the alleged instances of Gibler's ineffective assistance of counsel rise to th[e] level [of structural error], even if we found counsel did not perform an essential duty.").

Because we defer to the credibility assessments of the district court, "we find it more likely that [Secor's] counsel reviewed the case and found no basis upon which to sustain his claim." *Lawson*, 2025 WL 2407530, at *2 (cleaned up); *Ledezma*, 626 N.W.2d at 141. Accordingly, we do not find Secor was denied counsel or that his appellate counsel failed to subject the case to adversarial testing in a way which amounts to structural error. *See Lado*, 804 N.W.2d at 252.

## IV.    Conclusion

For the reasons above, we affirm the district court.

**AFFIRMED.**