# IN THE COURT OF APPEALS OF IOWA

No. 18-1373
Filed January 23, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TRACI JONES BARKER,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Louisa County, Wyatt Peterson, Judge.

Traci Barker appeals the sentence and restitution order imposed following her guilty plea. **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

Mark C. Smith, State Appellate Defender, (until withdrawal) and Vidhya K. Reddy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., Greer, J., and Potterfield, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**GREER, Judge.**

Barker appeals the sentence and restitution order entered after her guilty plea to one count of theft in the second degree.[1] We reverse the restitution portion of the sentencing order but otherwise affirm her sentence. We remand for entry of a final restitution order considering her reasonable ability to pay court costs and jail fees.

## I. Background Facts and Proceedings.

In 2017, Barker was charged with one count of theft in the second degree in violation of Iowa Code sections 714.1(1), .1(2), and .2(2) (2017), a class "D" felony. At all times relevant here, court-appointed counsel represented her.

To resolve the case, Barker pleaded guilty as charged in 2018. Under the plea agreement, if Barker paid $400 in victim restitution before sentencing, the State would not make a sentencing recommendation. If she failed to pay, the State could recommend any sentence. The court accepted her guilty plea and ordered a presentence investigation report (PSI).

The court sentenced Barker on August 10. Before sentencing, Barker failed to advance any amount of restitution. She requested a suspended sentence and probation. But in the PSI, the department of correctional services (DCS) recommended incarceration. Stating its position, the State recommended five

---

[1] Barker appeals from a guilty plea for a class "D" felony. *See* Iowa Code § 714.2(2) (2017). Because the relevant judgment and sentence was entered before July 1, 2019, the amended Iowa Code section 814.6(1)(a)(3) (2019) is not applicable here. *See State v. Macke*, 933 N.W.2d 226, 228 (Iowa 2019) ("On our review, we hold Iowa Code sections 814.6 and 814.7, as amended, do not apply to a direct appeal from a judgment and sentence entered before July 1, 2019."); *see also* Iowa Code § 814.6(1)(a)(3) (limiting appeals from guilty pleas for crimes other than class "A" felonies).

years in prison, noting that Barker "has committed numerous felonies," including several theft-related crimes and that she "may have previously been sentenced to prison . . . as many as six times from the information in the [PSI]." The State continued, "The case that's before the court today was apparently perpetrated while the most recent cases in Marshall County against her were ongoing, and as we stand here today, Your Honor, Ms. Barker owes over $23,000 in unpaid court fines to the State of Iowa."

The court outlined its reasons before imposing the sentence,

> The court has specifically considered the following factors: Ma'am, I've considered your extensive criminal history, most of which involves theft, forgery, and things of that nature, as the county attorney pointed out. By my count, in the [PSI], it appears you've been to prison approximately 10 times; that you've been granted a suspended sentence for prison or jail and had that sentence imposed approximately four times. There's a significant amount, over one full page and onto the second page, of previous intervention programs and services that have been involved to assist and rehabilitate you.
>
> Ma'am, I also take into account, and I do have sympathy for you being in a wheelchair for whatever reason and however long that's been; however, ma'am, that does not give you the right to take from other people continually.
>
> You indicated that you want to become a better person and you just want a chance, and I think by the [PSI], it shows that you've had many, many, many chances to prove that when you got out of jail or when you got out of prison or when you were on probation that you could change and not do wrong as you had before, and, ma'am, you continued to do those things as is shown on the [PSI].
>
> I've also taken into consideration the recommended sentence of the State, your defense counsel, you, and the Department of Correctional Services.

In the end, the court sentenced Barker to an indeterminate term of incarceration not to exceed five years, with credit for time served, a $750 fine, and

applicable surcharges. The court then suspended the fine and surcharges.[2] The court ordered Barker to pay $400 in restitution to the victim. Then the court assessed $800 in court-appointed attorney fees but suspended these fees after finding Barker lacked the ability to pay.

The court filed a written sentencing order the same day, which stated, "The defendant shall also pay court costs and shall reimburse the State of Iowa for court-appointed attorney fees in the amount of $180. The court finds the Defendant is not financially capable of paying court-appointed attorney fees."

Barker appeals. After Barker filed her notice of appeal, the Louisa County Clerk submitted a "restitution plan" showing that Barker owed $702.75 in court costs and requiring her to pay twenty percent of all credits to her inmate account toward court costs. The Louisa County Sheriff also applied for restitution and reimbursement seeking $320 in jail fees. The district court approved the jail fees as restitution without considering Barker's ability to pay. Barker challenges these amounts of restitution.

## II. Standard of Review.

We review the district court's sentence for correction of errors at law. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). We will not disturb a sentence unless the defendant shows an abuse of discretion or a defect in the sentencing procedure. *State v. Witham*, 583 N.W.2d 677, 678 (Iowa 1998). An abuse of discretion occurs when the "court acts on grounds clearly untenable or to an extent

---

[2] Later in the hearing, the court ordered Barker to pay a $125 law-enforcement surcharge and did not explicitly suspend this surcharge. However, it appears this surcharge would fall under the court's general suspension of surcharges.

clearly unreasonable." *State v. Oliver*, 588 N.W.2d 412, 414 (Iowa 1998). We review claims of ineffective assistance of counsel de novo. *State v. Risdal*, 404 N.W.2d 130, 131 (Iowa 1987).

"We review restitution orders for correction of errors at law." *State v. Albright*, 925 N.W.2d 144, 158 (Iowa 2019). "[W]e determine whether the court's findings lack substantial evidentiary support, or whether the court has not properly applied the law." *Id.* (alteration in original) (quoting *State v. Klawonn*, 688 N.W.2d 271, 274 (Iowa 2004)).

### III. Analysis.

Barker raises three claims on appeal: (1) the PSI improperly included a sentencing recommendation, (2) the district court considered improper factors when imposing the sentence, and (3) the court erred when it ordered Barker to pay attorney fees, court costs, and jail fees without considering her reasonable ability to pay. We consider each claim in turn.

**A. PSI Sentencing Recommendation.** First Barker argues that making a sentencing recommendation in the PSI is a procedural defect that requires resentencing. We disagree. These DCS sentencing recommendations are not binding on the court. *See State v. Headley*, 926 N.W.2d 545, 552 (Iowa 2019). Nor does the court abuse its discretion by considering a sentencing recommendation. *Id.* For that reason, it was not a procedural defect for DCS to include a sentencing recommendation in the PSI.

**B. Improper Sentencing Considerations.** Barker next argues the court abused its discretion at her sentencing. Iowa Rule of Criminal Procedure 2.23(3)(d) requires the trial court to state on the record the reasons for a sentence.

"'[I]f a court in determining a sentence uses any improper consideration, resentencing of the defendant is required,' even if it was 'merely a "secondary consideration."'" *State v. Lovell*, 857 N.W.2d 241, 243 (Iowa 2014) (quoting *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000)).

"In applying the abuse of discretion standard to sentencing decisions, it is important to consider the societal goals of sentencing criminal offenders, which focus on rehabilitation of the offender and the protection of the community from further offenses." *Formaro*, 638 N.W.2d at 724. "It is equally important to consider the host of factors that weigh in on the often arduous task of sentencing a criminal offender, including the nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform." *Id.* at 724–25.

Barker argues the district court erred in considering these factors during sentencing: (1) Barker's $23,000 in outstanding court debt and (2) an incorrect number of her prior suspended sentences that were revoked.

1. *Outstanding court debt.* Barker's first argument is based on the district court's statement during sentencing that it had "also taken into consideration the recommended sentence of the State." The State, during its sentencing recommendation, noted that Barker still owed over $23,000 in unpaid court debt for prior offenses. It is unclear why the State mentioned her unpaid court debt other than to associate it with the ongoing criminal cases in a different county. According to Barker, by considering the State's sentencing recommendation, the court was considering her unpaid court debt when it imposed the sentence.

We disagree. The court clearly stated on the record its reason for imposing a prison sentence over probation: Barker's long history of committing similar offenses and her lack of rehabilitation despite the opportunities to change her behavior. There is no indication that the sentencing court considered Barker's court debt when imposing the sentence. That the State made a passing comment about the court debt while recommending its sentence, and then the court generally considered the State's recommendation, does not alone require resentencing.

2. *Suspended sentences.* Barker next argues the court erred when it stated: "By my count, in the [PSI] it appears . . . that you've been granted a suspended sentence for prison or jail and had that sentence imposed approximately four times." Barker argues that statement constituted consideration of an impermissible factor because "although Barker was revoked from probation in four case numbers, Barker was revoked from probation only a total of three times" because sentencing and revocation occurred at the same time in two of the case numbers. We fail to see how the court's stating "approximately four times" when it was in fact three times in four case numbers constitutes considering an improper sentencing factor. We find Barker's argument without merit and decline to disturb her sentence.

**C. Reasonable Ability to Pay Restitution.** Finally, Barker argues she does not have the reasonable ability to pay attorney fees or court costs, including jail fees. Along with victim restitution, Barker was assessed $702.75 in court costs and $320 in jail fees. She also claims she must pay $180 in court-appointed attorney fees.

The court may order fees and costs as restitution if the defendant is reasonably able to pay. *Albright*, 925 N.W.2d at 159; *see also* Iowa Code §§ 815.9(5), 910.3. The court must set the amount of restitution at the time of sentencing. *Albright*, 925 N.W.2d at 160. "If not all of the items of restitution are available at the time of sentencing, the Code allows the sentencing court to file temporary, supplemental, and permanent orders prior to the final plan of restitution." *Id.* "This constellation of orders is the plan of restitution." *Id.* "Until the court issues the final restitution order, the court is not required to consider the offender's reasonable ability to pay." *Id.* at 160–61.

At the sentencing hearing and again in the written sentencing order, the district court found that Barker did not have the reasonable ability to pay her court-appointed attorney fees. The jail fees and court costs were approved without a consideration of whether Barker was reasonably able to pay. That said, the district court has not yet entered a final restitution order. We remand to the district court to consider Barker's reasonable ability to pay court costs and jail fees and enter a final restitution order. In this order, Barker's responsibility for the court-appointed attorney fees shall be waived as the district court determined she was not reasonably able to pay these fees.

## IV. Disposition.

For these reasons, we reverse the restitution portion of the sentencing order but otherwise affirm Barker's sentence. We remand for entry of a final restitution order considering her reasonable ability to pay court costs and jail fees.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**